## BOARD OF COUNTY COMMISSIONERS v. GIDDINGS.

No. 21371. Opinion Filed Sept. 13, 1932.

Geo. M. Callihan, Co. Atty., and I. L. Harris, Asst. Co. Atty., for plaintiff in error.

George H. Giddings, Sr., for defendant in error.

KORNEGAY, J. This is a proceeding in error to review the action of the district court of Oklahoma county adjudging that the defendant in error was entitled to the sum of $4.50, representing the amount of fees earned by him in a criminal prosecution in the court held by him as justice of the peace in Oklahoma county, of a defendant for driving an automobile at an excessive speed in violation of chapter 43, Session Laws of 1929 [O. S. 1931, sec. 10323] as follows:

"An act amending section 2, chapter 16, Oklahoma Session Laws of 1923, relating to the maximum rate of speed a motor vehicle may be driven upon the highways in the state of Oklahoma, fixing the penalty for violation thereof, repealing all acts or parts of acts in conflict herewith, and declaring an emergency.

"Be it enacted by the people of the State of Oklahoma:

"Section 1. That section 2, chapter 16, Oklahoma Session Laws of 1923, be and the same is hereby amended to read as follows:

" 'Section 2. It shall be unlawful for any person, or persons, to operate, propel or drive a motor vehicle upon any public highway of the state of Oklahoma at a speed in excess of 45 miles an hour.

" 'Any person, or persons, violating any provisions of this act shall be guilty of a misdemeanor and shall be fined not less than $10 and not more than $100, or imprisoned in the county jail for not less than ten days or more than 30 days, or by both such fine and imprisonment. Provided, it shall be unlawful for any arresting officer or for any judicial officer before whom the person arrested for violating the provisions of this act is tried, to participate in or receive any portion of the fine or fees collected on account of the conviction of any such person.'

"Section 2. All acts or parts of acts in conflict with the provisions of this act are hereby repealed.

"Section 3. It being immediately necessary for the preservation of the public

peace, health and safety, an emergency is hereby declared to exist, by reason whereof this act shall take effect and be in full force from and after its passage and approval.

"Approved April 1, 1929."

Chapter 16 of the Act of 1923, Session Laws of 1923, p. 21, is entitled as follows:

"An act regulating the driving and operating of motor vehicles, providing punishment therefor, and repealing all laws in conflict therewith, and declaring an emergency."

Section 2 of the act is as follows:

"Any person or persons operating or driving or propelling any vehicle as set out and designated in section 1, of this act, upon said highway shall operate, drive or propel same in a careful and prudent manner, and at a rate of speed not greater than is reasonable under the existing circumstances, and having due regard to the traffic and use of the highway, and having due regard for the safety of pedestrians or property, and drivers or operators of other vehicles, whether such vehicles are propelled by muscular power, electricity, gas, gasoline or steam; no person or persons shall operate, propel or drive a motor vehicle as defined in section 1 of this act, on any highway at such rate of speed as to endanger the life or limb of any other person or persons, or the safety of any property, and it shall be unlawful to operate, propel or drive such motor vehicle as defined in section 1 of this act, upon any highway within the state of Oklahoma at a rate of speed in excess of 35 miles an hour; provided, further, no person or persons shall operate, propel or drive any motor vehicle as provided for in section 1 of this act, in any city, town or village or at the intersection of the street, alley, highway or in approaching any electric or steam railway crossing at grade, or in approaching or going around corners or curves in said street, alley or highway, where the operator, driver or propellor of said motor vehicle has not an unobstructed view of at least 150 feet before the approach of such street, alley or highway, curve or corner, at a greater rate of speed than 15 miles per hour; provided, further, that any person or persons violating any provision of section 2 of this act, shall be guilty of a misdemeanor for the first offense and shall be fined not less than $25, nor more than $100. or imprisoned in the county jail for not less than ten nor more than 30 days, or by both such fine and imprisonment. and for the second offense shall be fined not less than $100, nor more than $1,000, or shall be imprisoned in the county jail for a period of time of not less than 30 days, nor more than six months, or by both such fine and imprisonment."

Section 3 of the 1923 Act in part was held constitutional by the Criminal Court of Appeals in Simpkins v. State, 35 Okla. Cr. 143, 249 P. 168. It was attacked on the ground of insufficiency of title to cover the provision making it a crime for a drunk person to drive a car, but the court held the title sufficient. It held, however, that the presumption created by the statute was beyond legislative power.

In Ex parte Masters, 126 Okla. 80, 258 P. 861, this court had occasion to review the Act of 1927, chapter 76, Session Laws, 1927, increasing speed limit to 45 miles an hour, and it held the increase void, owing to the title not being sufficient under section 57, art. 5, of the Constitution, as follows:

"Sec. 57. Acts to Embrace One Subject —Amendments. Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length. Provided, That if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

It followed a former decision of Pottawatomie County v. Alexander, Co. Assessor, 68 Okla. 126, 172 P. 436, quoting therefrom as follows:

" 'An act to amend a particular section of a general law is limited in its scope to the subject-matter of the section proposed to be amended. Such amendment ex vi termini implies merely a change of its provisions upon the same subject to which the original section relates.' "

Subsequently, the law in question was passed. The portion of it providing that the justice of the peace should not receive any portion of the fees collected is attacked on the ground that the title of the act was not sufficiently comprehensive to cover this. Reasons are suggested for this provision being to keep motorists from being annoyed by arresting officers whose zeal was heightened by the rewards obtained. If so, most clearly a reform in procedure should happen. However, the evil intended to be remedied is not covered by the title and the provision is clearly unconstitutional and void under the plain requirements of section 57, art. 5, of the Constitution, and the decisions quoted from.

Some other points are involved, but in

view of the above conclusion, it is not necessary to consider them.

The case is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.