**MILBURN v. CHILDERS, State Auditor, et al.**

No. 27275. Oct. 27, 1936.

John Barry, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., by Randell S. Cobb, Asst. Atty. Gen, and C. D. Cund, Attorney for Oklahoma Tax Commission, for defendants in error.

GIBSON, J. This action was instituted in the district court of Oklahoma county by plaintiff in error, a resident taxpayer, to enjoin defendants in error from setting aside as a special fund for the payment of certain state indebtedness 40 per cent. of that portion of the gasoline excise tax collections heretofore appropriated to state highway construction and maintenance. The parties in error will be referred to herein as plaintiff and defendants, respectively.

From the judgment of the trial court denying the writ, the plaintiff has appealed.

The review necessitates a construction of House Bills 416 and 715 of the Fourteenth Legislature, being chapters 126 and 164, S. L. 1933, respectively.

By the provisions of said chapter 126 there was levied an excise tax of four cents per gallon on the sale of each gallon of gasoline sold in the state, to be collected by the Oklahoma Tax Commission. It is further provided in said chapter that three cents of each four cents collected should be deposited with the State Treasurer to the credit of the State Highway Construction and Maintenance Fund, with the proviso that on and after May 1, 1933, an amount equal to 40 per cent. of the gasoline excise tax so collected and required to be deposited should be deposited in the State Treasury and credited to a special fund to be used exclusively for the payment of the indebtedness of the state represented by outstanding interest-bearing warrants, or any other securities authorized by law and based upon such warrants issued in payment of obligations incurred prior to July 1, 1933, until such indebtedness should be paid.

Chapter 164, S. L. 1933, authorized the issuance of negotiable treasury notes in payment of the warrants mentioned in chapter 126, supra, and contained the following provision:

"All revenue provided for in House Bill No. 416, enacted by the Fourteenth Session of the Legislature of the State of Oklahoma, which under the terms of said act are apportioned to and deposited in the State Treasury to the special account for the payment of the indebtedness of the state represented by outstanding interest-bearing state warrants and other securities based upon such warrants, shall also be used for the retirement and payment of the principal and interest of said treasury notes after all such general revenue warrants shall have been paid or funded under the terms of this act."

These two acts became effective April 8, 1933.

All warrants affected have been surrendered and exchanged for treasury notes pursuant to said chapter 164, and notes in the approximate sum of $8,000,000 are outstanding and unpaid.

The plaintiff's contention is that the aforementioned provision of chapter 126, requiring that 40 per cent. of that portion of the tax allocated to the Highway Fund be deposited in the State Treasury for the purpose of retiring the indebtedness therein named constituted an appropriation within the meaning of section 55, art. 5, of the Constitution, and therefore expired and became inoperative as an appropriation measure two and one-half years after April 8, 1933, the date of enactment, or on October 8, 1935. In this connection it is urged that defendants are now, and have been since October 8, 1935, without authority to divert said funds from the Highway Fund for the purpose as aforesaid.

Section 55, art. 5, of the Constitution provides in part as follows:

"No money shall ever be paid out of the treasury of this state, nor any of its funds, nor any of the funds under its management, except in pursuance of an appropriation by law, nor unless such payments be made within two and one-half years after the passage of such appropriation act. * * *"

Defendants say that the provision of chapter 126, S. L. 1933, relating to the payment of indebtedness is not an appropriation within the meaning of section 55, art. 5, of the Constitution, and is not violative of that or any other section of the Constitution, but in fact constitutes a measure designed to retire the state debt in the form of warrants or treasury notes as authorized by section 4, art. 10, of the Constitution, which provides as follows:

"For the purpose of paying the state debt, if any, the Legislature shall provide for levying a tax, annually, sufficient to pay the an-

nual interest and principal of such debt within twenty-five years from the final passage of the law creating the debt."

We think the situation here analogous to that arising from the issuance of funding bonds to retire valid warrants under authority of article 1, chapter 27, S. L. 1935. The only material difference is that in the instant case negotiable treasury notes were authorized for that purpose instead of bonds. In the 1935 Act the State Treasurer was required to set aside monthly out of the general fund over a period of ten years a sum for the payment of such bonds. In the case of In re State Funding Bonds of 1935, Series A, 173 Okla. 622, 50 P. (2d) 221, we held that the issuance of the bonds was proper and the method of payment thereof not in contravention of the Constitution. No material distinction arises here from the fact that the special fund is created out of a fund arising from an excise tax.

We hold, therefore, that defendants' contention is sound, and that the judgment appealed from should be, and is, affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, WELCH, and CORN, JJ., concur. RILEY and PHELPS, JJ., absent.