## HELM v. CHILDERS, State Auditor, et al.

No. 27985.    Jan. 18, 1938.

536

Peyton Ford and Bascom Coker, for petitioner.

Mac Q. Williamson, Atty. Gen., and Randell S. Cobb, Asst. Atty. Gen., for respondents.

L. G. Harries, amicus curiae.

RILEY, J. Ennis C. Helm, as publicity director of the State Travel and Tourist Bureau, seeks in this original action a writ of mandamus to require the respondents to issue a salary warrant to him in the sum of $250, for the month of June, 1937.

The position was created by H. B. 273, 16th Legislature, art. 11. ch. 50, S. L. 1937, p. 373. The Highway Commission. as authorized, fixed the salary and made the appointment. The act authorizes payment of the salary "from the State Highway Construction and Maintenance Fund."

It is contended on behalf of respondents that the act attempts to appropriate money for other than a public purpose in violation of section 14, art. 10, Constitution. Vette v. Childers, State Auditor, 102 Okla. 140, 228 P. 145; Citizens Sav. & Loan Ass'n v. Topeka, 20 Wall. (U. S.) 655.

It is urged that a State Travel and Tourist Bureau is not a proper governmental function.

The meaning of "public purposes" for which governmental exaction of money may be had is not within a narrow and restricted sense. At any rate, the courts cannot interfere to arrest legislative action where the line of distinction between that allowable and that which is not is faint and shadowy. In such instances the decision of the Legislature is accepted as final. Cooley's Const. Limitations (7th Ed.) 696; Gray on Limitations of Taxing Power and Public Indebtedness, sec. 176; Shelby County v. Tennessee Cent. Exposition Co. (Tenn.) 36 S. W. 694; State ex rel. etc., v. Cornell (Neb.) 74 N. W. 59, 39 L. R. A. 513; A. Magnano Co. v. Hamilton, 292 U. S. 40, 54 S. Ct. 599; Milhem v. Moffat Tunnel Imp. Dist. (Colo.) 211 P. 649; State v. Wilson & Co. (La.) 154 So. 636; Barrow et al. v. Bradley (Ky.) 227 S. W. 1016; State of Washington v. Claussen, 110 Wash. 525, 188 P. 538. It is conceivable that a public benefit may be derived as a result of the legislation. The contention is without merit.

It is urged that the act violates section 19, art. 10, Constitution, in that a diversion of funds occurs, whereas the Constitution prescribes that no tax levied and collected for one purpose shall ever be devoted to another purpose.

The rule stated in Hawks v. Bland, 156 Okla. 48, 9 P. (2d) 720, is relied upon. Therein the state highway construction and maintenance fund was sought to be diverted to the payment of a death claim of an employee, not otherwise chargeable against the state.

In the case at bar it is highly doubtful whether a diversion is contemplated. The funds "set aside out of the State Highway Construction and Maintenance Fund" are **"to be used and expended under the direction and with the approval of the State Highway Commission."**

In the case of Milburn v. Childers, 178 Okla. 84, 61 P. (2d) 1047, there was a true case of diversion, but the applicability of the constitutional restriction to taxes other than annually recurring taxes was not therein discussed. McGannon v. State ex rel. Trapp et al., 33 Okla. 145, 124 P. 1063; Myer et al. v. Lynde-Bowman Darby Co. et al., 35 Okla. 480, 130 P. 548; Ex parte Marler, 140 Okla. 194, 282 P. 353; M., K. & T. Ry. Co. v. Myers, State Auditor, 204 Fed. 140. But see Ward v. State, 176 Okla. 368, 56 P. (2d) 136.

Independently of the act under consideration the Highway Commission has legislative authority to employ assistants to carry out purposes of its organization (section 10080, O. S. 1931), and to fix salaries (section 10079, O. S. 1931), and to determine duties of persons so employed and to promote highway improvement and maintenance (section 10075, O. S. 1931). Section 10075 and section 10079, supra, repealed, and substance re-enacted chapter 12, S. L. 1933, p. 31, paragraph (f) and section 6.

By separate and independent legislative

acts funds heretofore collected and credited to the state highway construction and maintenance fund, under former acts, and accumulating funds, were appropriated for use and expenditure under direction of the State Highway Commission and provision was made by the Legislature for the expenditure of such funds **"for such other purposes as may be provided by law."** Article 2, sec. 1, ch. 50, S. L. 1935, p. 21. See, also, chapter 167, S. L. 1933, p. 384. This provision was re-enacted by the Sixteenth Legislature as a part of article 3, ch. 50, S. L. 1937, p. 325, wherein all money raised by taxation or otherwise was directed to be expended from the state highway construction and maintenance fund by the State Highway Commission in the payment of salaries, wages, and expenses, and on state or county highways "unless otherwise provided by law." The latter enactment was approved May 22, 1937, while the act under consideration became effective May 12, 1937. providing for the expenditure to which objection is made, just ten days prior thereto. Thus it was clearly contemplated that the expenditure in question and those allied with it should be considered as a purpose to which the state highway construction and maintenance fund should be devoted.

Article 2, ch. 50, S. L. 1937, p. 324, also approved May 22, 1937, with the emergency, appropriates the fund under consideration "heretofore and hereafter collected" for expenditure for the purposes theretofore designated **"and for such other purposes as may be provided by law,"** inclusive of "cost and expense of road and bridge construction, repair and maintenance, and all other obligations incurred or authorized pursuant to any specific provision of law creating an obligation against any part or all of the revenues levied and collected for highway construction," etc.

Thus we find no irreconcilable conflict between these latter acts of the Legislature and House Bill No. 273, now under examination, consequently there is no repeal of the latter by implication, but an expressed purpose of inclusion of the expense, provided by the act creating the State Travel and Tourist Bureau, as a part and parcel of the object and purpose to be met by an expenditure from the state highway construction and maintenance fund.

The wisdom or lack of it exemplified by the enactment of such legislation is of no concern to the courts, but the sole duty of this court herein is ascertainment of the issue of law, whether the tax levied and collected for one purpose has been devoted to another. If it has, then it becomes the duty of this court to determine whether it will apply the constitutional inhibition contained in section 19, of art. 10, Constitution, to this character of a tax, or whether, on the other hand, earlier decisions will be followed restricting application of the inhibition to "annual recurring taxes."

We are firm in our conviction that despite the name of the fund, which might seem to indicate one to be used solely for construction and maintenance, that legislative expansion of the purpose and object was contemplated and accomplished whereby the expenditure now sought may be secured without incurring diversion from purposes sanctioned.

It is contended that petitioner has not shown a clear legal right to prior payment of his claim in view of unpaid claims in substantial amounts outstanding against the state highway construction and maintenance fund.

There is no provision of statute as to priority of such claims. The fund is treated as a cash fund by respondents so that nonpayable warrants as otherwise provided are not issued against the fund. It must have been contemplated that by income the deficit of the fund may be shortly reduced, so as to allow payment of these claims (section 12537, O. S. 1931). There is a contingent fund provided by sections 10081, 10083, O. S. 1931, to be drawn from the state highway construction and maintenance fund, and to exist in the amount of $150,000, from which salaries in the commission are to be paid. Thus it is that salaries of the regular employees, where no other provision is made. are paid prior to construction and maintenance costs.

Petitioner herein contents himself, in his brief upon this point, by asserting that refusal of his claim was not based upon the ground of existence of prior claims and by agreeing to have the writ so modified as to direct respondents to pay the claim presented if and when funds are available to pay the same.

Such a writ of mandamus is awarded.

OSBORN, C. J., and WELCH, PHELPS, CORN, GIBSON, HURST, and DAVISON, JJ., concur. BAYLESS, V. C. J., absent.