OKLAHOMA CITY v. BRIENT.

No. 30025.   June 17, 1941.

*114 P. 2d 459.*

164

A. L. Jeffrey, Municipal Counselor, and J. O. Moss, both of Oklahoma City, for plaintiff in error.

Ross N. Lillard and Wayne E. Wheeling, both of Oklahoma City, for defendant in error.

HURST, J. Plaintiff Brient, a member of the fire department of Oklahoma City, in his first cause of action sought recovery of salary claimed to be due him while sick, and in his second cause of action sought recovery of salary due after his recovery from such sickness. He predicated his claim upon the provisions of sections 6103 and 6105, O. S. 1931, 11 O.S.A. §§ 365, 367. The trial court sustained plaintiff's claim for salary while sick, and denied his claim for salary due after he recovered from his illness. The city appeals from the judgment against it, and plaintiff cross-appeals from that part of the judgment adverse to him.

The evidence discloses that plaintiff became a member of the city fire department on August 4, 1930, and became incapacitated for the performance of duty in 1936, due to goiter. When it became apparent that plaintiff's physical condition was such that he was unable to continue work, he was discharged by the fire chief by direction of the city manager. The goiter was removed, and thereafter he was placed upon the "extra board" serving as a member of the department in place of regular members when called upon, for which service he was paid by the men for whom he served.

1. Plaintiff bases his right of recovery upon his first cause of action upon section 6105, O. S. 1931, 11 O.S.A. § 367. That section provides that "whenever any member of the fire department of any city or town, on account of sickness or temporary disability, caused or sustained while in the discharge of his duty as such member," is unable to perform his duties, he shall receive from the firemen's relief and pension fund of said city or town certain benefits. After reciting these benefits the section provides:

"The salary of said member shall continue while he is necessarily confined to such hospital or bed and necessarily requires care and professional nursing on account of such sickness or temporary disability for a period of not less than six months, after which said period the other provisions of this chapter may apply."

The allegations of the first cause of action, and the evidence adduced in support thereof, were sufficient to bring him within this provision. The city argues that the salary therein referred to

is not to be paid by it, but that plaintiff under such section must look wholly for relief to the firemen's relief and pension fund, and that if by said section the Legislature attempted to place upon the city the burden of continuing to pay plaintiff's salary, that portion of the section is unconstitutional as not within the scope of the title to the firemen's relief and pension fund act, of which it is a part, and is therefore violative of section 57, art. 5, of the Constitution.

The act was enacted in 1913. Chapter 244, S. L. 1913. It was amended in some respects in 1921, but such amendments are not material to the question presented. The title to the 1913 act reads as follows:

"An Act creating a firemen's relief and pension fund; creating a board of trustees for the same; defining the duties of the trustees thereof; describing the persons entitled to receive relief and pensions; providing for the levying of a tax for said fund, and for other sources of revenue therefor; defining the duties of the city clerk, Insurance Commissioner, State Auditor and State Treasurer relative to the relief and pension fund; making appropriation for the same; providing the method of disbursement and providing that said relief and pension fund shall be exempt from attachment and garnishment."

We have often held that the subject expressed in the title fixes a limit upon the scope of the act. Oklahoma Tax Commission v. Texas Co., 182 Okla. 91, 76 P. 2d 389; Board of County Commissioners v. Giddings, 159 Okla. 103, 14 P. 2d 418; Walker-Taylor Co. v. Board of Com'rs of Oklahoma County, 125 Okla. 226, 257 P. 324. The title may be general and need not specify every clause in the statute, but all such clauses must be referable and cognate to the subject expressed in the title. Cooper v. King, 171 Okla. 121, 42 P. 2d 249.

We think it clear that the above-quoted provision of section 6105 for the continuance of the payment of salary, if it attempts to place that duty upon the city, is not within the scope of the title to the act, nor is it germane or cognate or in any way related to the subject of the act as set forth in the title. The title deals entirely with the creation and administration of the firemen's relief and pension fund. There is nothing in the title to indicate a legislative intent to place any burden upon the city other than the burden of establishing and administering the fund. Whether the salary payments provided by section 6105 are a proper charge against the firemen's relief and pension fund of the city is a question we need not decide, as plaintiff's action is against the city and not against the trustees of the fund. In any event (whether the Legislature intended to require the salary to be paid by the city or fund), such payments may not be recovered from the city. It follows that the trial court erred in rendering judgment against the city upon the first cause of action.

2. In connection with plaintiff's asserted claim under his second cause of action, it appears that after the removal of the goiter plaintiff recovered and was placed upon the firemen's "extra board." By virtue of his being placed upon this board he was temporarily employed at various times when regular firemen were on leave or vacation, for which the fireman whose place he took paid him individually. He made no written application for reinstatement as a regular fireman, but testified that he was informed upon a verbal application to the fire chief that he would be given the first vacancy that occurred. He admitted that he was advised and understood in the fall of 1936 that his name had been dropped from the pay roll of the city. He now contends that his discharge was not legal and that he is entitled to the difference between the sum he earned on the "extra board" and his salary had he been regularly employed.

He bases this contention upon the provision of section 6105, and section 6103. The latter section provides that whenever any person serving in a regularly constituted fire department in any city or town shall become physically or mentally disabled "while in, and in consequence of the performance of his

duty as such employee of such regularly constituted fire department," he shall be retired upon a monthly pension to be paid from the firemen's relief and pension fund. It provides further that when such disability shall cease the pension shall cease and such persons shall be restored to active service. While plaintiff admits that under ordinary conditions the city manager of Oklahoma City, under its charter provisions, was empowered to discharge an employee of the fire department, he contends that in this case, under the provisions of section 6105, he could not be discharged while temporarily disabled, and that under section 6103 he was entitled, upon his recovery, to be reinstated at his former salary, and that the charter provisions could not empower the city manager to deprive him of his right to the benefits of the firemen's relief and pension fund act.

Our conclusion that the above-quoted portion of section 6105 does not require the city to continue to pay the salary of a temporarily disabled fireman disposes of the contention that plaintiff was not subject to discharge at the time he was dropped from the pay roll. His right to reinstatement under section 6103 depends upon whether he was disabled while in, and in consequence of, the performance of his duty. The testimony of the medical witnesses negatived this, although one testified that the nature of plaintiff's work would in his opinion aggravate his condition. Plaintiff relies upon In re Benson, 178 Okla. 299, 62 P. 2d 962, but in that case it was established that Benson's illness, while to some extent due to lack of proper care on his part, was incurred in consequence of the performance of his duty.

In the present case the evidence that plaintiff was discharged, and that he was not disabled in consequence of the performance of his duty, so as to entitle him to reinstatement under section 6103, was sufficient to sustain the judgment. It is therefore unnecessary to determine whether the statute prevails over the provisions of the city charter.

The judgment against the plaintiff is affirmed; the judgment against the city is reversed; and the cause is remanded, with directions to dismiss the same.

CORN, V. C. J., and RILEY, OSBORN, GIBSON, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and BAYLESS, J., absent.