604

WALLACE v. CHILDERS,
State Auditor.

No. 32790. May 20, 1947.

*180 P. 2d 1005.*

Creekmore Wallace, of Oklahoma City, for plaintiff in error.

Mac. Q. Williamson, Atty. Gen., and Fred Hansen, First Asst. Atty. Gen., (Coleman Hayes and Granville Scanland, both of Oklahoma City, and S. J. Clendinning, of Tulsa, of counsel), for defendant in error.

RILEY, J. Plaintiff in error, as a resident taxpayer, commenced this action in the district court of Oklahoma county to restrain and enjoin the State Auditor from acting under the provisions of H.B. 83, S.L. 1945, p. 123, and H.B. 402, S.L. 1945, p. 33 (36 O.S. Supp. 1945 §§ 57 and 104 and 11 O.S. Supp. 1945 § 372), amendatory of previous acts relating to the firemen's relief and pension fund.

Under provisions of H.B. 402, supra, ⅝ of the 4% tax collected from fire insurance companies for premiums on policies issued in the state are allocated or set aside to the firemen's relief and pension fund and the duty devolves upon the State Auditor to draw warrants upon the State Treasurer for the payment of the amount provided by statute, to the treasurer of each city or town in the state. Under provisions of H.B. 83, supra, the levy of the 4% annual tax is made.

Plaintiff pleaded that under the statutes the sum of $460,790.80 had accrued in the hands of the State Treasurer subject to such allocation, and unless restrained and enjoined therefrom, the State Auditor would draw warrants on the State Treasurer in that amount.

Plaintiff alleges that the appropriation, expenditure, and allocation of ⅝ of the 4% privilege tax is unconstitutional, void, and prohibited by article

10, sec. 14, of the Constitution; article 10, sec. 15, of the Constitution; article 10, sec. 20 of the Constitution; and article 10, sec. 23, of the Constitution.

The trial court sustained a demurrer to plaintiff's petition and entered judgment dismissing, thus denying the injunctive relief sought.

Plaintiff appealed and contends that the trial court erred in sustaining the demurrer and dismissing the case.

Section 14, art. 10, of the Constitution, relied upon, provides:

"Taxes shall be levied and collected by general laws, and for public purposes only . . ."

That part of H.B. 83, supra, which levies the 4% tax is a general law. Its constitutionality has been sustained. Lincoln Nat. Life Ins. Co. v. Read, Ins. Com'r, 194 Okla. 542, 156 P. 2d 368, affirmed 325 U.S. 673, 89 L. Ed. 1861. The issue as to the public purpose of the act is hereinafter determined.

It is urged that the appropriation of the ⅝ of the 4% privilege tax violates article 10, sec. 15, of the Constitution as to gifts. The section provides:

"The credit of the State shall not be given, pledged, or loaned to any individual, company, corporation, or association, municipality, or political subdivision of the State; nor shall the State . . . make donation by gift, subscription to stock, by tax or otherwise, to any company, association, or corporation."

Section 1 of H.B. 402, supra (11 O.S. 1945 § 372) appropriates and sets aside for the use and benefit of the firemen's relief and pension fund ⅝ of the annual tax of 4% on all premiums collected by all fire insurance companies in this state, as provided by H.B. 83 of the Twentieth Legislature. The act devoting the fund to the purpose does not constitute a gift, loan, or pledge of the credit of the state in contravention of the Constitution. The firemen's relief and pension fund is not a municipally-owned fund, but is held only in a separate and distinct right and capacity. Federal Deposit Ins. Corp. v. Casady, 106 Fed. 2d 784. It is a trust fund in which the cities and towns have no pecuniary interest whatever. The appropriation is not a donation or gift to any company, association, or corporation, public or private. Therefore the appropriation does not violate section 15, art. 10, of the Constitution. Byrd v. City of Dallas, 118 Tex. 128, 6 S.W. 2d 738; Cobbs v. Home Ins. Co., 18 Ala. A. 206, 91 So. 627; People ex rel. Abbott, 274 Ill. 380, 113 N.E. 696. The prevailing view expressed in the cases cited is that the appropriation constitutes a part of the compensation of the employees for services previously rendered the public.

It is contended that the allocation of the fund violates section 20, art. 10, of the Constitution. Section 20 provides that the Legislature shall not impose taxes for the purpose of any county, city, town, or other municipal corporation. As decided by the Circuit Court of Appeals in Federal Deposit Ins. Corp. v. Casady, supra, the firemen's relief and pension fund is not a municipally-owned fund, but held in a separate and distinct right and capacity. It is held in trust for the benefit of firemen qualified under the law to participate in the payments. Therefore, the collection of the tax and the appropriation of a part thereof to the firemen's relief and pension fund is not for the purpose or benefit of any city, town, or other municipal corporation.

It is urged that public purpose is not served by the appropriation and disbursement of the fund. There are some cases which apparently sustain this contention. Aetna Fire Ins. Co. v. Jones, Comptroller, 78 S.C. 449, 13 L.R.A. (N. S.) 1147. In the cited case it was said that any speculation as to the validity of the act was estopped by a constitutional provision of that state which provides: "The general assembly . . . shall not grant pensions except for military and naval services". However, under the prevailing view, "Legislature

appropriations for the purpose of providing funds for firemen have generally been sustained as a proper use of public funds". 40 Am. Jur. 975-976; Phoenix Assur. Co. v. Fire Dept., 117 Ala. 631, 42 L.R.A. 468, 23 So. 843. It was so held as early as 1859, in Firemen's Benev. Ass'n v. Lounsbury, 21 Ill. 511. Exempt Firemen's Benev. Fund v. Roome, 93 N.Y. 313; New York Underwriters v. Whipple, 37 N.Y. Supp. 712; Cobbs v. Home Ins. Co., supra; State ex rel. Haberlan v. Love, 89 Neb. 149, 131 N.W. 196.

In Helm v. Childers, Auditor, 181 Okla. 535, 75 P. 2d 398, it is said:

"The meaning of 'public purposes' for which governmental exaction of money may be had is not within a narrow and restricted sense. At any rate, the courts cannot interfere to arrest legislative action where the line of distinction between that allowable and that which is not is faint and shadowy. In such instances the decision of the Legislature is accepted as final."

In some form, the tax here involved has been, by legislative act, appropriated and applied to the firemen's relief and pension fund in this state since 1909. Article 6, ch. 21, S.L. 1909. The validity of such application has never before been questioned. The long continued legislative and departmental recognition of such application, without challenge, is entitled to great weight in considering whether or not the appropriation or allocation of the funds so collected is for a public use. A public purpose, we think, is sufficiently established to sustain the acts and the appropriations made.

It is contended that the appropriation setting aside ⅝ of the privilege tax is in violation of article 10, sec. 23, of the Constitution, as amended by Referendum No. 80, adopted March 11, 1941, in that the State Board of Equalization failed to file an estimate of the receipts of the proposed firemen's relief and pension fund and the Legislature failed to make any estimate. It is so alleged in plaintiff's petition, but it is not alleged therein that the State Board of Equali-

zation failed to file any estimate or failed to include an estimate of the revenues to be secured by the state from the 4% tax levied on insurance premiums.

The Constitution does not require an estimate of the amount to be appropriated for any given purpose out of the total estimated revenues of the state. Section 23, art. 10, of the Constitution does prohibit all appropriations in excess of such estimate plus surplus and unappropriated cash on hand. Section 1, H.B. 402, supra, does not appropriate or set aside any specified amount to the firemen's relief and pension fund. It does not authorize payment to said fund except from cash on hand. No warrant may be drawn by the Auditor until there is cash sufficient to cover same, in the hands of the State Treasurer. Section 23, art. 10, of the Constitution also provides:

"Any department, institution or agency of the State operating on revenues derived from any law or laws which allocate the revenues thereof to such department, institution or agency, shall not incur obligations in excess of the unencumbered balance of surplus cash on hand."

The funds in question were, by statute, supra, allocated to the firemen's relief and pension fund, but warrants cannot be issued against the fund in excess of the unencumbered balance of cash on hand. We are considering here what is generally termed a "cash fund". Although a conclusion may have been stated, a violation of article 10, sec. 23, of the Constitution was not in fact alleged.

It is also urged that because section 41, art. 5, of the Constitution provides that the Legislature may enact laws authorizing cities to pension meritorious and disabled firemen, the Legislature is prohibited from acting on behalf of the state in the matter by making the allocation of the funds here involved. Section 41, art. 5, of the Constitution is a specific grant of power to cities. Plaintiff's contention is refuted by sec-

tion 36, art. 5, of the Constitution, which provides:

"The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever."

Affirmed.