W. H. ROBERTS, Sr., Plaintiff in Error,

v.

BOARD OF TRUSTEES OF FIREMEN'S RELIEF AND PENSION FUND OF LEEDEY, Oklahoma, Defendant in Error.

No. 36907.

Supreme Court of Oklahoma.

Jan. 17, 1956.

Arney & Barker, Clinton, for plaintiff in error.

E. S. Collier, Taloga, for defendant in error.

PER CURIAM.

This is an appeal from a judgment of the district court of Dewey County sustaining the action of the Board of Trustees of the Firemen's Relief and Pension Fund of the Incorporated Town of Leedey, Oklahoma, in denying the petitioner, W. H. Roberts, Sr., a retired volunteer fireman of that town, a pension claimed under authority of the statutes of the State of Oklahoma, Title 11, O.S.1951 §§ 361–381.

For convenience the parties will be refered to as petitioner and the Board.

The Board heard testimony of witnesses for petitioner and stipulations of the parties and denied a pension. There was no testimony of witnesses on the part of the Board. A complete transcript of ·the testimony, stipulations and proceedings of the hearing was certified to the district court on petitioner's appeal thereto.

Neither the Board in its order denying the pension, nor the court in the judgment sustaining the action taken by the Board, made findings of fact separate from the general conclusion that the requested pension be denied.

█ The matter before this court on the only consideration given on appeal in such cases, that is, whether or not the Board in denying a pension erred in matters of law and whether or not the finding was supported by the evidence introduced before it. Firemen's Relief and Pension Board of City of Holdenville v. Lucas, 189 Okl. 328, 117 P.2d 112.

The evidence from the testimony of petitioner and two witnesses in his behalf, both of whom had been voluntary firemen with petitioner for a considerable portion of his service as a fireman, and one of whom had also served eight years as a member of the Board of Trustees of the Town of Leedey, and had been at one time fire chief, reasonably tended to prove that petitioner had been appointed by the town council and his name entered of record as a volunteer fireman, and that he had been connected with and rendered continuous service as a voluntary fireman in the town from 1914 to 1951, with the exception of 1918 and 1919 when in the army; that the governing body of the town had, from time to time, in its meetings named the firemen to serve and granted exemption from a certain tax imposed by the town government; that the names of the firemen to serve were written in a book, but that the book could not be found; that the firemen so appointed served on the town fire department and both the firemen and the fire department were recognized officially by the governing body during the entire period of petitioner's service.

The town records relative to the fire department and firemen were incorporated into the proceeding records by stipulation. The entries so shown reflect that as early as 1912 the town clerk was instructed to price a chemical fire engine; also in that year negotiations were in progress to purchase fire department equipment and establish town fire limits; in 1915 a note for a fire engine was outstanding and claims made for soda for the engine and estimate for fire department expenses entered; in 1923 the town council met in a called session and authorized purchase of 1,000 feet of fire hose; an estimate of $350. for the fire department and agreement reached to accept fire hose as per contract of former Board were entered in 1923; in 1926 the council appointed a committee, assisted by Fire Chief Ward, to investigate arranging for a truck for fire hose, and the council voted to purchase a fire truck; in 1927 E. H. Smith was elected Fire Chief and a claim paid for supplies for a fire truck; in 1928 a committee was appointed for the fire department and equipment; in 1929 a claim was allowed for six fire suits. It further

appears by stipulation that the foregoing items are all that were included in the minute records of the Board of Trustees of the town relative to the fire department up to 1941, at which time the pension board was created, and that the town records are silent as to the appointment of firemen after that date. Copies of the reports of the town clerk to the State Insurance Department for the years 1941, 1942, 1952 and 1953 are included in the record by stipulation, together with further stipulation that the pension fund then totaled $7,757.16.

It is apparent from the reports to the insurance department that petitioner was listed as a volunteer fireman for the period 1941 to his designated retirement in 1951; that all members of the fire department during the period 1941 to 1953 were volunteers, with fire department equipment valued in excess of $1,000. The reports are not incorporated into the town records.

From an examination of the entire record we find that from the evidence produced before the Board it should have granted the pension.

It is argued in defense of the action taken that the petitioner was not, prior to 1941, a duly appointed and enrolled member of a regularly constituted fire department as required to qualify for a pension under the provisions of 11 O.S.1951 §§ 364 and 364a. The contention is based on the lack of records of the town to show a fire department so constituted and the appointment and enrollment of petitioner thereon. The oral testimony amply establishes the required conditions of the statute.

The only question then is whether the converse appears from the records or lack thereof, and whether oral testimony reflecting the action taken by the governing body of the town is improper. The record of the proceedings before the Board and on appeal to the district court is silent as to any objection to the oral testimony offered by petitioner.

Inasmuch as the Town of Leedey is not a party to this action, the fund in no wise being municipally owned, or a burden of the town, or in which it has any pecuniary interest whatever, the town records are ancillary entirely and the construction to be placed thereon in situations such as that in this appeal in no wise affects that which might be made were the converse true as to the interests of the municipality.

While the decisions of various jurisdictions present some apparent conflict respecting collateral impeachment of records of municipalities where such are required to be kept in writing, there is a reasonably uniform accord in admitting parol evidence to establish the real facts of transactions or corporate acts in the entire absence of all record or where the record kept is so meager that the particular procedure is not disclosed. This principle is accorded recognition where third persons have performed work or service for the benefit of the corporation, relying in good faith upon the regularity and legality of the proceedings.

In the case of Hutchinson v. Pratt, 11 Vt. 402, 421, applying the principles enunciated in Bank of United States v. Dandridge, 12 Wheat 64, 6 L.Ed. 552, the court stated:

"* * * when there is an omission to make records, the rights of other persons, acting under or upon the faith of a vote not recorded, ought not to be prejudiced. * * *"

The above principles are not inconsistent with the decisions of this court in the application of the statutes relative to municipalities where such corporate rights are involved. Crosslin v. Warner-Quinlan Asphalt Co., 71 Okl. 286, 177 P. 376; Anderson v. Intemann, 139 Okl. 278, 281 P. 977; Gilmer v. School Dist. No. 26, Noble County, 41 Okl. 12, 136 P. 1086, 50 L.R.A.,N.S., 99. We think that where, as here, there is no town obligation involved or direct responsibility, and equity demands that the truth of the corporate acts prevail, in order that justice be done, full consideration should be given to oral testimony which establishes the statutory rights of the petitioner.

In so ruling no harm is done to the inherent rights of the town in its own affairs. Whether or not this rule would apply if the rights of the town were directly involved is not now decided. We leave that

question for consideration under facts arising from the particular case presented.

 This court is definitely committed to a liberal construction of the statutes involved, 11 O.S.1951 §§ 361–381 in favor of the pensioner. In re Ross, 201 Okl. 476, 207 P.2d 254. The statutes deal entirely with the creation and administration of the Firemen's Relief and Pension Fund. There is no burden upon the municipality other than establishing and administering the fund, Oklahoma City v. Brient, 189 Okl. 163, 114 P.2d 459. The fund is not municipally owed, but a trust fund for the benefit of those to whom payments are finally made constituting a part of the compensation of employees for services previously rendered the public. Wallace v. Childers, 198 Okl. 604, 180 P.2d 1005.

 From an examination of the statutes with which we are here concerned we find that sections 364 and 364a apply only to the right of the individual to retire after serving the necessary period of time and otherwise qualifying for retirement. Whether or not the particular fire department of the city or town was regularly organized and otherwise met the requirements of the statutes providing for firemen's pensions presents a question to be determined in the first instance by the Board of Firemen's Relief and Pension Fund. It appearing that the proof produced by petitioner establishes all requirements of the statutes, and that there was no contradictory proof or counter proof, it was error to deny the pension.

It is accordingly ordered that the petitioner be granted his requested pension and that it be paid in accordance with the provisions of the statutes relative to retired volunteer firemen.

Reversed.

WILLIAMS, V. C. J., and WELCH, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

CORN and HUNT, JJ., dissent.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. CRAWFORD, and approved by Commissioners JEAN R. REED and JAMES H. NEASE, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.