CITIES AND TOWNS A firefighter is entitled to receive an additional 2 1/2% of his average monthly salary added to his retirement pension for service of a partial year pursuant to the twenty (20) to thirty (30) year retirement program. The calculation of the number of months which will vest the entitlement prior to twelve (12) months service may be determined by rule or regulation of each local board of trustees of the Firemen's Relief and Pension Fund. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: "Is the retired firefighter entitled to receive an additional 2 1/2% of his average monthly salary of his last 30 months of service added to his retirement pension for service of a partial year in excess of the basic twenty (20) year retirement program ?" The applicable provision of the Firemen's Relief and Pension Fund Act, 11 O.S. 364 [11-364] (1971), as reenacted at 11 O.S. 49-106 [11-49-106] (1977), provides in part as follows: "Any person who is . . . a member of a regularly constituted fire department . . . who serves as such member . . . for a period of not less than twenty (20) years . . . shall be entitled . . . to retire . . . and to be . . . paid from the Firemen's Relief and Pension Fund a monthly pension of one-half of the average monthly salary which was paid to him for his service in such fire department during the last thirty (30) months of service; provided, that for each year thereafter, but not to exceed ten (10) years, he shall be entitled to receive an additional (2 1/2%) of the average monthly salary which was paid to him . . . during the last thirty (30) months of his service . . ." Emphasis Added Your question involves a determination of whether the wording used in 11 O.S. 364 [11-364] was contemplated by the Legislature to require a firefighter to serve a full 365 day or 12 month year before he would be entitled to receive the additional 2 1/2% pension benefit for such service under the twenty (20) to thirty (30) year retirement program. It is our understanding that under many departmental policies, at present, a firefighter who has earned a vested twenty (20) year service retirement benefit and continues working for an additional eleven months, twenty-nine days before retiring, would be denied the benefit of the 2 1/2% pension increase awarded for each additional year of service over twenty (20). The Oklahoma Supreme Court has consistently held that the firemen's pension statutes should be liberally construed in favor of those to be benefitted; the firemen. City of Ardmore, ex rel. Firemen's Relief and Pension Board v. Ozment, Okl., 467 P.2d 502 (1970); Roberts, Sr. v. Board of Trustees of Firemen's Relief and Pension Fund of Leedey, Okl., 292 P.2d 408 (1956); see also In Re Bensox,178 Okl., 299, 62 P.2d 962 (1936). Further, in the Supreme Court case of Roberts, Sr. v. Town of Leedey, supra, the court held that the Firemen's Relief and Pension Fund was not municipally owned, but was a trust fund for benefit of those to whom payments are finally made constituting a part of the compensation of employees for services previously rendered the public. See also Wallace v. Childers, 198 Okl., 604 180 P.2d 1005 (1947). It logically follows, then, that if the Legislature intended that pension benefits be considered "payment for services previously rendered" such intention would not require that a firefighter who serves under the twenty (20) year to thirty (30) year plan be denied the corresponding retirement benefits to which he is entitled as part compensation by statute. The primary rule of construction of statutes is to ascertain and declare the intention of the Legislature, Midwest City v. Harris, Okl., 561 P.2d 1357
(1977). A finding that nothing less than 365 days or 12 months vests entitlement to any part of the 2 1/2% pension benefit would not only work an injustice against the intended beneficiaries but be at odds with the intendment of a statute enacted for the benevolent purpose of providing for a firefighter in his old age. Further, the Firemen's Relief and Pension Fund Act could be said to be in the nature of a remedial statute; and such statutes are usually construed so as to afford relief, or in favor of the remedy, or in favor of the person entitled to the benefits of the statute. Adamski v. State, Bureau of Unemployment Compensation, 108 Ohio App. 198,161 N.E.2d 907; C.J.S., Statutes 388. It appears, then, to remedy the injustice which could occur under the literal wording of the statute, the municipal boards of trustees for the Firemen's Relief and Pension Fund should exercise their power in determining eligibility for retirement benefits by enacting a rule defining what accumulation of month's service should fairly vest the 2 1/2% pension benefit. Pursuant to Title 11 O.S. 49-105 [11-49-105] (1977) and Title 11 O.S. 49-118 [11-49-118](3) (1977), such steps may be taken. Title 11 O.S. 49-118 [11-49-118](3) (1977) reads in part as follows: "The Board of Trustees herein provided for shall, in addition to other powers herein granted, have powers to-wit: ". . . "3. To make all rules and regulations needful for its guidance in conformity with the provisions of this article." The specifics of such a rule are within the discretion of the local boards. It is therefore, the opinion of the Attorney General that, your question be answered as follows: A firefighter is entitled to receive an additional 2 1/2% of his average monthly salary added to his retirement pension for service of a partial year pursuant to the twenty (20) to thirty (30) year retirement program. The calculation of the number of months which will vest the entitlement prior to twelve (12) months service may be determined by rule or regulation of each local board of trustees of the Firemen's Relief and Pension Fund. (CATHERINE GATCHELL NAIFEH)