Dear Senator Henry,
¶ 0 This office has received your letter asking for an official Opinion addressing, in effect, the following question:
 Is the Oklahoma Department of Labor's "Safety Pays" television campaign an authorized expenditure of the funds received from the Special Indemnity Fund pursuant to 85 O.S. Supp. 1998, § 173(J)?
¶ 1 The Oklahoma Department of Labor ("ODOL") is a constitutionally-created agency. Okla. Const. art. VI, §§ 1, 20. Its powers and duties are set forth in Chapters 1A, 5 and 10 of Title 40. ODOL's responsibilities include the administration and enforcement of the Oklahoma Occupational Health and Safety Standards Act, 40 O.S. 1991 and Supp. 1998, §§ 401-425. You ask this office to determine whether ODOL's "Safety Pays" television campaign, an effort to publicize its occupational safety and health consultative services, is an authorized expenditure of funds received from the Special Indemnity Fund pursuant to 85O.S. Supp. 1998, § 173[85-173](J).
 ODOL'S "SAFETY PAYS" TELEVISION CAMPAIGN
¶ 2 ODOL's "Safety Pays" television campaign, the text of which was provided to this office by ODOL, is comprised of four television spots. The television campaign, which chronicles the transformation of an employer's workplace as a result of an employee's on-the-job injury, contains statistical information pertaining to work-related injuries and promotes ODOL's occupational safety and health consultative services. Labor Commissioner Brenda Reneau appears at the conclusion of each television spot, stating:
 I'm Brenda Reneau, your Oklahoma Labor Commissioner. June is National Safety Month. At the Department of Labor, our job is to provide assistance on workplace safety programs. Please call us to help you prevent accidents. Remember, safety pays.
 SPECIAL INDEMNITY FUND
¶ 3 The Special Indemnity Fund is funded by a tax on permanent total and permanent partial disability awards paid by employers and workers' compensation insurance carriers in the State of Oklahoma. 85 O.S. Supp. 1998, § 173[85-173]. The Legislature allocates the monies collected in the Special Indemnity Fund as follows:
 Beginning January 1, 1994, the Oklahoma Tax Commission shall pay, monthly, to the State Treasurer all monies collected under the provisions of this section to be credited as follows: ninety percent (90%) to the Special Indemnity Fund, five percent (5%) to the Oklahoma Department of Labor, two and one-half percent (2.5%) to the Office of the Attorney General and two and one-half percent (2.5%) to the State Department of Vocational and Technical Education. Monies received by the Department of Labor under this section shall be used for safety consultation and the regulation of the safety of public employees through the Occupational Safety and Health Act of 1970.
85 O.S. Supp. 1998, § 173[85-173](J) (emphasis added).
 GENERAL PRINCIPLES OF LAW
¶ 4 Administrative agencies may exercise only those powers granted by the Legislature. Matador Pipelines v. Oklahoma WaterResources Board, 742 P.2d 15, 16 (Okla. 1987). The Oklahoma Supreme Court has held that an administrative agency's powers include those expressly granted and fairly implied. Marley v.Cannon, 618 P.2d 401, 405 (Okla. 1980). "We recognize that generally, an officer or agency has, by implication and in addition to the powers expressly given by statute, such powers as are necessary for the due and efficient exercise of the powers expressly granted, or such as may be fairly implied from the statute granting the express powers." Id. at 405. An administrative agency's implied powers may be ascertained by determining legislative intent and considering the agency's enabling statute as a whole. City of Hugo v. State ex rel.Public Employees Relations Board, 886 P.2d 485, 492 (Okla. 1994).
¶ 5 Taxes may only be collected and spent on public purposes. Okla. Const. art. X, § 14. The Oklahoma Supreme Court has concluded that "public purposes" should not be construed in a narrow or restricted sense. State v. City of Warr Acres,946 P.2d 1140, 1144 (Okla. 1997) (citing Helm v. Childers,75 P.2d 398, 399 (Okla. 1938)). Generally, the Supreme Court will not inquire into whether the Legislature has chosen the "best means" to accomplish a public purpose, recently expressing its unwillingness to consider the "desirability, wisdom, or practicability" of legislation. In re Application of theOklahoma Capitol Improvement Authority, 958 P.2d 759, 763
(Okla. 1998). However, expenditure of public funds on private purposes is clearly prohibited.
¶ 6 Article X, § 19 of the Oklahoma Constitution is even more restrictive than Section 14, insofar as Section 19 expressly limits the public purposes for which levied taxes may be expended:
 Every act enacted by the Legislature . . . levying a tax shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose.
Okla. Const. art. X, § 19 (emphasis added).
¶ 7 Taxes levied for a specific purpose are distinguishable from annual appropriations out of general revenue. Article X, § 19 works as a limitation, rather than an expansion, on the purposes for which an administrative agency may spend public funds. Consequently, taxes levied and collected for one purpose may only be spent on that purpose.
 ANALYSIS
¶ 8 ODOL possesses the express power and duty to provide occupational safety and health consultative services to employers, as set forth in the Oklahoma Occupational Health and Safety Standards Act:
 The Commissioner shall provide competent occupational safety and health consultation,
education and training for private and public employers in coordination with the State Department of Vocational and Technical Education and other available community resources.
40 O.S. Supp. 1998, § 414[40-414](B) (emphasis added).
¶ 9 In addition to this express power, ODOL possesses all implied powers necessary to provide its consultative services in a "due and efficient" manner. Marley v. Cannon, 618 P.2d 401,405 (Okla. 1980). Consistent with the principles articulated inMarley, these implied powers would include the power to inform employers and employees about the availability and desirability of such consultative services, hire and train consultants, acquire office space and equipment, pay for travel and expenses incurred, and perform a myriad of other incidental activities necessarily connected with providing such services in a "due and efficient" manner. Id. at 405.
¶ 10 Furthermore, ODOL may expend these funds on public purposes only. Specifically, the Legislature provides that ODOL must spend Special Indemnity Fund monies, received pursuant to85 O.S. Supp. 1998, § 173[85-173](J), on safety consultation. As long as ODOL's "Safety Pays" television campaign publicizes its safety consultative services, such an expenditure qualifies as a public purpose pursuant to Article X, §§ 14 and 19 of the Oklahoma Constitution.
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The Oklahoma Department of Labor has the implied power to expend funds received pursuant to 85 O.S. Supp. 1998, § 173(J) to publicize its occupational safety and health consultative services.
 2. Whether the Oklahoma Department of Labor's "Safety Pays" television campaign publicizes its occupational safety and health consultative services is a question of fact which must be determined on a case-by-case basis and may not be addressed in an Attorney General Opinion. 74 O.S. Supp. 1998, § 18b(A)(5).
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 JOHN A. MAISCH ASSISTANT ATTORNEY GENERAL