Hitchcock, J.
This information is filed upon the supposition that there is an incompatibility between the offices of associate judge and county treasurer; and that the same person can not, consistently with law, hold both of said offices at the same time. Tho only difficulty in the case grows out of an act of the general *43 assembly of the state, passed on February 14, 1840; which provides, “that no citizen of this state shall hold, by appointment, at the same time, or for the same period of time, more than one of the offices hereinafter mentioned, to wit, the office of sheriff, county auditor, county treasurer, county assessor, clerk of the court of common pleas, county recorder, and associate judge; and no justice of the peace shall hold the office of associate judge; provided, that nothing herein contained shall be applicable to present incumbents of two or more official stations, until their term of office shall expire.”
The defendant filled two of said offices at the same time. But it is claimed for him, by his counsel, that he has a right so to fill them, because: •
1. He was an incumbent of both offices at the time of the enactment of the law, and is within the proviso.
2. He fills both offices by election, not by appointment.
Let us inquire, then, in the first place, whether the defendant is within the proviso, which proscribes, “ that nothing herein contained shall be applicable to present incumbents of two or more official stations, until their term of office shall expire.” This question is settled, if we can ascertain what meaning is to be attached to the word “incumbent” as applied to an office; in other words, if we can ascertain at what time an individual becomes an incumbent in an office. The defendant was elected county treasurer on October 8, 1839, and associate judge on February 6, 1840. This law was enacted *on February 14, 1840. If the elections constituted him an incumbent of the offices to which he was elected (and this is the ground taken by the defendant’s counsel), then he is within the proviso. I concur with the counsel for the defendant, that the legislature have no power, by retrospective legislation, to deprive a man of an office. When a man becomes an incumbent of an office, he .has a vested right in that office; and all such rights are secured by the constitution. An act which would attempt to deprive him of this right would savor more of despotism than of constitutional legislation. The legislature may prescribe rules, prospectively, by which he shall be controlled; and those he is bound to obey. But to oust him from office by direct legislation can not be dono.
But I can not concur with counsel, that a man appointed or elected to an office, thereby becomes an “ incumbent” of that of *44 fice. An incumbent of an office is one who is legally authorized to discharge the duties of that office. For instance, a man who is elected county treasurer is required to give bonds and take an oath of office. Now, these things must be done before he can discharge the duties of the office; and if not done in due time, the office itself is vacant. There is no incumbent. So, where a man is elected judge, he does not, by the election, become a judge. He must receive a commission, as evidence of his authority to act; must take an oath of office, and have it indorsed on his commission. _ When this is done, and not before, he is an “incumbent’’ of the office. State v. Moffit, 5 Ohio, 358. By giving to the phrase a different meaning, we should not only involve ourselves in difficulty, but should condemn the practice of the general assembly from the first organization of the state government. It has been the uniform practice of that body, when the appointment of an officer was vested in it, and it was known that a vacancy would occur, either during the session, or within a short period thereafter, to make an appointment, or election, to fill such vacancy before it had actually occurred. This has been found to be convenient, and the practice has been universally acquiesced *in. But upon the theory of defendant’s counsel, this practice would be palpably in violation of the constitution of the state. The number of judges of the Supreme Court is limited to four. It is known to the general assembly, in session, that a vacancy will occur in this court by the expiration of the term of office of one of its members, either during its present session, or prior to the next succeeding session of that body, and they proceed to fill this prospective vacancy. If the election constitutes an incumbency in office, we shall have five judges, instead of four; unless, which will hardly be contended, there can be more incumbents of office than offices. The effect of the election is to give the individual elected a right to the office, so soon as the vacancy shall occur. Of this right the legislature can not deprive him; nor can the governor withhold from him a commission, without a gross violation of executive duty.
Again, the law prescribing the duties of county treasurers prescribes that an individual elected to this office “shall hold his office for two years from the first Monday of June next succeeding his election.” The defendant was elected to this office in October, 1837. His term of office commenced on the first Monday *45 of Jane next thereafter. Did ho become an incumbent of the office before his term of office commenced ?
In the opinion of the court, the defendant did not become an incumbent of the office of associate judge until April 4, 1840, when he took the oath of office; nor of the office of county treasurer until the 2d day of June of the same year, on which day he took the oath of office, and on which day his term of office commenced; and consequently ho is not protected by the proviso of the act of February 14, 1840, already cited.
The next ground of defense assumed by defendant’s counsel is, that he holds these two offices, not by appointment, but by election.
There is more difficulty in disposing of this part of the defense, and this difficulty grows out of the phraseology of the act: “ No citizen of this state shall hold, by appointment,” etc. *This word, appointment, is not used carelessly or inconsiderately, as is apparent from the fact, that this same word is used in the title. It is styled “ an act prohibiting any citizen of this state from holding, by appointment,” etc. What, then, is meant by the word appointmemt, as here used ?
In this state we have no such thing as hereditary office. Every officer derives his power to execute the duties of his office from some law of the state, defining the duties to be discharged in the particular office, and from having that office conferred on him by some superior power, authorized to confer it. The constitution of the state contemplates two different modes of conferring office. One is by appointment, the other by election. And a careful examination will show, that whenever the office is to be conferred by the people, or by any considerable body of the people, it is spoken of as an election. Whenever it is to be conferred by an individual, as by the governor, or by a select number of individuals, as by a judicial court, or by the general assembly, it is spoken of as an appointment. Thus, in the first section of the first article of the constitution, it is said “the legislative authority of this state shall be vested in a general assembly, which shall consist of a senate and house of representatives, both to be elected by the people.” So, in the second article of the same instrument, “ the supreme executive power of this state shall be vested in a governor;” and he shall be chosen by the electors of the members of the general assembly.” “A secretary of state shall be appointed *46 by a joint ballot of the senate and house of representatives.” Sec. 16, art. 2. “The judges of the supreme court, the president and associate judges of the court of common pleas, shall be appointed by joint ballot of both houses of the general assembly.” Art. 3, sec. 7. “Each court shall appoint its own clerk ” Art. 3, sec. 9. “A competent number of justices of the peace shall be elected by the qualified electors in each township.” Art. 3, sec. 10. “Captains and subalterns in the militia shall be elected by those persons, in their respective company districts, subject to military duty. Majors shall be elected by the captains and subalterns *of the battalion. Colonels shall be elected by the majors, captains, and subalterns of the regiment. Brigadier-generals shall be elected by the commissioned officers of their respective brigades. Major-generals and quartermaster-generals shall be appointed by joint ballot of both houses of the legislature. The governor shall appoint the adjutant-general. The major-generals shall appoint their aids,” etc. Art. 5, secs. 1-6. “ There shall be elected, in each county, one sheriff and one coroner, by the citizens thereof.” “The state treasurer and auditor shall be appointed by joint ballot of both houses of the legislature.” “ Town and township officers shall be chosen annually, by the inhabitants thereof, duly qualified to vote for members of the general assembly.” Art. 6, secs. 1-3.
It is true that in a certain, and perhaps in the most general sense of the term, every person upon whom an office is conferred may be said to hold that office by appointment, whether the appointment bo made by an individual or individuals having power to make, or by the election of a more numerous body. And it is equally true that the same person may be said to have been elected to the office, as he fills it in pursuance of choice, whether that choice has been made by one or more. But the framers of the constitution unquestionablj7 understood that there was a difference in filling an office by appointment and by election. And where either of these words are used in a statute law under that constitution, this court ought not, unless for strong and powerful reasons, to give to the word a different meaning from that which it plainly imparts, as used in that instrument. In common parlance, wo know that there is a different meaning attached to the words appoint, and elect, as applied to officers.
Since we find that there is this distinction made in the constitu *47 tion, and in common parlance, is it reasonable to suppose that the legislature had not this distinction in view when this law was enacted? “No citizen of this state shall hold by appointment, at the same period of time, more than one of the offices hereinafter mentioned, to wit, the office of sheriff, *county auditor, county treasurer, county assessor, clerk of the court of common pleas, county recorder, and associate judge.” If it was intended to renderit absolutely incompatible for any person to hold two of these offices, why not say so at once ? Why use these words, “ by appointment?" Had these words been omitted, the intention would have been clear and obvious. And this was well understood by the body enacting the law. In the same section they do make two particular offices incompatible, and they do it in language not to be misunderstood. Immediately after the words last cited, it is added “ and no justice of the peace shall hold the office of an associate judge.”
That the legislature intended this law to apply only to such persons as might hold their offices by appointment, according to the common acceptation of the term, is inferable from the fact that< with the exception of the office of clerk of the court of common pleas, the offices named in the first number of the section are sometimes filled by election, sometimes by appointment. The office of clerk is always filled by appointment of the court, according to the provisions of the constitution. The other offices are those of sheriff, county auditor, county treasurer, county assessor, county recorder, and associate judge. This last office is, according to the terms of the constitution, filled by appointment of the general assembly. According to common parlance it is filled by election. But sheriffs, county auditors, county treasurers, county assessors, and county recorders are elected by the electors of their respective county. The law prescribes that they shall be elected. By the act of February 17, 1831, “for the appointment of certain officers therein named,” it is provided, “that whenever the office of sheriff and coroner, in any county, shall become vacant, the court of common pleas of such county, or the associate judges thereof, may appoint some suitable person'to perform the duties of sheriff until the next annual election.” So, when a vacancy shall happen in the office of county auditor, the commissioners of the county are required to appoint some suitable person to fill the vacancy. *So, if a vacancy happen in the office of county treasurer, the county commissioners are required to appoint some person to fill the vacancy. *48 The same is the case with respect to the county ássessor and county recorder. 29 Ohio L. 271. And if the office of associate judge is considered as elective, if a vacancy happen during the recess of the legislature, the governor is authorized to appoint to fill the vacancy. All the. officers thus appointed, are required to take the same oaths, and to give the same security, as are those elected by the people.
Such being the law, these offices being filled as expressed in that law, sometimes by election, sometimes by appointment, can it be believed that the legislature introduced this word “ appointment ” into the statute under consideration without design, without any definite object; that they intended it should be rejected in giving a construction to this act? It seems to us not.
But if there could be any doubt as to the intention of that body, that doubt would be removed upon looking into the journals of their proceedings. As this bill, which afterward became a law, originally passed through the house of representatives, it was in this form: “No citizen of this state shall hold, by election, appointment, or otherwise,” etc. But it was amended in the senate by striking out the words “ election ” and “ otherwise,” leaving it as it now stands upon the statute book. Senate Journal, 1839-40, pp. 321, 322. Now, these words alone could not have been stricken out, because unnecessary, if the intention was to make the offices imcompatible, no matter how conferred. If this had been intended, the word “ appointment ” would also have been included. The evident intention of this amendment was to restrict, not to extend, the operation of the law. I am aware that every statute should speak for itself, and be construed by itself; but if there be doubt as to its construction, resort may be had to extraneous matters, and nothing of this kind is more satisfactory than the journals of the body by which it was enacted.
It is said, however, that by giving to the act this construction, it will not tend to remove the evils intended to be re-moved. *If we knew where these evils were, perhaps we should be convinced of the truth of this position. But, for myself, I do not know, nor have I heard that any great evils were experienced from the law as it existed before the passage of this act. There would seem, it is true, to be an impropriety in permitting the same individual to hold the offices of sheriff and clerk, or of county treasurer and county auditor. But it is not perceived that *49 any great public inconvenience could result from vesting the offices of clerk of the court and recorder of the county, or of county auditor and county recorder, in the same person.
If, however, it be an evil, and it was the intention of the legislature to apply a remedy, it is unfortunate that the remedy applied, should not have been co-extensive with that evil. But if they have not done it by the terms of their act, we can not do it by construction. If it be an evil that a person who holds the office of county treasurer should hold the office of associate judge by a temporary appointment, we do not see that the evil would be diminished by his holding the same office by election for seven years; and so, on the other hand, if a man holds the office of associate judge, and community would sustain an injury by his holding the office of county treasurer for three months, we do not see that the injury would be lessened by his holding the same office for two years. Yet, to our apprehension, the legislature have prohibited the one, but have not the other. There is an apparent incongruity in the law, but we, as a court, do not feel ourselves authorized to depart from what we conceive to be its obvious intent and meaning.
Such being the opinion of the court, it follows that the defendant, holding these two offices by election, not by appointment, is not within the prohibition of this statute, and that his pleas are sufficient in law to bar this prosecution against him, and judgment will be entered accordingly. Judgment for the defendant.