Wright, J.
This is an action by Wm. A. Byers et al. against H. M. Chapin, on a promissory note for $3,820.66. The defense is this: Chapin, a cooper of Cleveland, sold Byers & Co. five thousand oil barrels, at a given price. These barrels, it seems, are not fit for use, and will not hold oil until prepared by a certain gluing process. This gluing it is the business of the purchaser to do. Byers & Co. paid upon their purchase some $5,000, and took some of the barrels. Having glued a portion, plaintiffs, Byers & Co., complained that the barrels were leaky and would not hold *302 oil. Chapin becoming convinced of this fact, and believing that the barrels had been properly prepared by gluing, agreed to rescind the contract.
Certain allowances were made for expenses, etc., and upon the rescission, instead of returning all the money Byers, had paid, Chapin returned a portion and gave a note. This is the note in suit.
After this contract of rescission had been thus completed, Chapin alleges that the note was given under an entire mistake of fact. That, in fact, the barrels, when properly glued and prepared, were 'not leaky, but were good tight barrels suitable for oil, but that plaintiffs did not properly prepare and glue them, aud that therefore there was no consideration for the note. That shortly after giving said note, Chapin says he learned that plaintiff had not properly prepared and glued the barrels; that had he done so, they would have proved tight and suitable; and thereupon he notified plaintiff that the note had been given under a mistake of fact and would not be paid, and tendered back the barrels, which were refused.
The foregoing is the defense as contained in the answer. The evidence is not fully set forth in the bill of exceptions, but only so much as is necessary to raise the points relied upon for error; the jury having found a verdict for defendant, Chapin.
The first ground of error alleged is this: Byers only prepared by gluing some five hundred of the barrels, and it was because these were unsatisfactory, and assuming therefrom that the rest of the lot was entirely similar, that the contract was rescinded.
In defense, Chapin, against objection, was allowed to show that all the remainder of the 5,255 barrels were suitable.
Plaintiff', Byers, contended that the pleadings confined the issue to goodness of the barrels used by him, and it was entirely immaterial whether the residue were good, bad, or indifferent.- The answer of defendant’s counsel to this error is satisfactory.
Defendant, when informed of the mistake under which he *303 had given the note, tendered the barrels to Byers. To make this tender good, it was necessary to show that such barrels — that is, the whole lot — were suitable, which was done by the evidence in question. Its admission, therefore, was not erroneous.
The next error assigned is as follows: Plaintiffs offered to show that other barrels used by him were glued in the same way as Chapin’s, and held oil without leakage. The court allowed him to show this as to barrels sold by Chapin, but not as to barrels sold by others, and that is said to be erroneous.
It is said in the briefs that the Chapin barrels were made by a patented machine. Now, it is obvious that the kind of preparing and gluing that might answer for a hand-made barrel, being more perfect in its nature, might not answer for a barrel made by a machine. The court, therefore, .properly confined the inquiry to that class of workmanship which Chapin had sold. This was not error.
The principal error assigned, is in refusing to give the third charge asked by plaintiffs, which is that the defense set forth in the answer is not a defense at all. This involves the merits of the case.
It appears that plaintiffs received a portion of the barrels, and proceeded to prepare, by gluing, some five hundred of them. Now, from the pleadings, the charge, and the verdict, it must be assumed that this gluing was not properly done. The answer so alleges, and the reply takes issue upon it. The court then charged that if the barrels were not suitable if properly glued, the defense fails. Upon this the jury find for the defense, which is a finding that the barrels were suitable if properly glued. The jury, therefore, in effect say that the barrels were suitable so far as defendant was concerned, and by finding for him show that the fault was with plaintiff, whose duty it was to properly glue, and this he had not done.
The defect, therefore, was one not owing to defendant, but to plaintiff
It then seems that defendant made the rescission, and gave *304 the note in suit upon the idea that the fault was with him, not with plaintiff; that plaintiff had done his part, had properly glued, and still the barrels were leaky, thus showing the fault to be in the original construction. This was a mistake of fact — of a fact which induced defendant to give the note in question.
It is too well settled to cite authorities to the proposition, that a contract founded on mistake of a material fact may be rescinded, the party not being guilty of negligence or laches. The plaintiff, in his brief, quoting from Story’s Equity Jurisprudence, section 151, states that one of the conditions of equitable relief is, that “ the fact as to which mistake is claimed must be material.” Thus assuming that relief will be granted in such cases.
The mistake, therefore, was one which would entitle defendant to relief, and would authorize him to rescind his contract and defend against his note.
The materiality of the fact upon which defendant mistakenly acted — namely, that the barrels had been properly glued, when in fact this was not true — can not be denied.
The third charge, therefore — i. e., that the answer contained no defense — was properly refused, as it appeared that the note was given upon this mistake of a material fact. This charge, we say, was properly refused, unless the defendant was guilty of negligence, or want of diligence in not finding out what was the truth in regard to this material fact before he gave his note. Plaintiff argues that, “ the mistake must be such as the party asking relief could not by reasonable diligence have got knowledge of. ” It is very clear that a defendant can claim no benefit of a mistake as to what he ought to have known or could by reasonable diligence have found out.
As to this point of the case the court charged, as to the material fact, if defendant, at the time “ of the giving of the note, knew of that fact, or is justly chargeable, under all the circumstances of the case, with a want of reasonable diligence to ascertain it, and to guard against the alleged mistaken belief; ” the defense fails. This charge states the law cor *305 rectly, and under it the defendant prevailed, showing that he was not chargeable with any want of diligence in the premises.
It appears from the charge itself, and from the other circumstances of the case, that plaintiffs insisted that the barrels were insufficient, although properly glued. They insist upon it now, and deny the charge that they did not properly glue them, and the court very properly say: “ But in regard to this matter of the want of reasonable diligence, you ought not to overlook wffiat the plaintiffs themselves said and insisted on in regard to the barrels, and you may well consider, whether if the plaintiffs themselves entertained the mistaken belief that the barrels were not suitable for oil barrels, if properly glued, and asserted it as a fact, any want of reasonable diligence can justly be imputed to the defendant for having the same mistaken belief. ”
The whole course of conduct in plaintiffs, their rescinding the contract, the prosecution of this suit, is a constant affirmation by then! of two things : 1. That they properly glued the barrels; 2. Notwithstanding this, they were insufficient. If, therefore, defendant had acted solely upon the statements or representations made by the other side, could they be deemed guilty of want of diligence, in accepting these statements and acting upon them ? It would certainly come with a poor grace for a party to say, I made the representations in question, and you acted upon it and were therefore in fault.
If it were true, therefore, that defendant acted solely upon the statements made by plaintiff, under the circumstances of the case, we do not see as that fact charges him with want of diligence. Obviously the plaintiffs made up their opinion of the unsuitableness of the barrels from those that had been prepared and filled, some five hundred in number. The probabilities are that defendant never had any opportunity to see and inspect these. When prepared and filled, they were doubtless sent off to market and sold or otherwise disposed of. Be this as it may, the bill of ex *306 ceptions does not show that defendant ever had such opportunity of examination. The necessities of the case seemed to demand, therefore, that reliance should be placed upon plaintiff’s statement, and plaintiff should not say that this was culpable.
Another view may be taken. These parties, plaintiff and defendant, were respectively warrantors. Defendant was a cooper who professed to sell oil barrels. He is under an implied warranty that his barrels were fit. Rodgers v. Niles, 11 Ohio St. 48.
The business of plaintiff was to prepare and glue the barrels. He is under an implied warranty that his work is also suitable. When, therefore, he complains to defendant, and claims to rescind the contract, he is understood as asserting that he has fulfilled his warranty, in the, matter of gluing and preparing, and that it has been properly done. If, therefore, this is not true, and the implied warranty has failed, this is sufficient reason for rescinding the contract based upon it.
In this view of the subject, it may perhaps not be very important to inquire what degree of diligence the defendant exercised, when complaint was made to him that the barrels were unsuitable. If they were in fact returned, and plaintiff had not made good that implied warranty' he was under, to do the gluing properly, there was clearly a failure in an essential element, upon which the first contract was rescinded. It was a failure in such particular as would authorize the rescission of a contract made upon the faith of it.
We are, therefore, of opinion that the defense was good, if true, and established to the satisfaction of the jury. The verdict shows that it was so established; that the note was given upon mistake of a material fact, and that defendant was in no want of diligence in not discovering, that mistake. The court, therefore, was not in error in refusing this third charge.
This disposes of the principal point in the case. The *307 other errors assigned are not well taken, and the judgment is affirmed.