Okey, J.
1. The agreement in this case was made solely by correspondence between Mitander and Dayton, and is, therefore, an agreement in writing. Its construction is for the court. Parol evidence is not admissible to vary its terms (Thurston v. Ludwig, 6 Ohio St. 1; Jones v. Brown, 11 Ohio St. 601, 606; Neil v. Trustees, 31 Ohio St. 15, 19); nevertheless, the court may look, not only to the language employed in the letters, but to the subject matter of the agreement and the surrounding circumstances, so as to be able to see the transaction as the parties themselves saw it. Merrian v. United States, 107 U. S. 437.
2. Authority, without restriction, to such an agent to sell such property, to be manufactured for such a purchaser, carries with it authority to warrant that it shall be equal, when manufactured, to a sample produced by the agent when he made the sale. Schuchart v. Allens, 1 Wall, U. S. 359; Ewell’s Evans on Agency, 158 ; cf. Benjamin on Sales, § 945. The rule stated in Herring v. Skaggs, 62 Ala. 180, even if •sound, is inapplicable to this case.
*681 3. The agreement under consideration was, in effect, this: Plaintiffs, manufacturers of a superior quality of Swedish iron, known as H. E. S. brand, at Stockholm, knowing that defendant was engaged in manufacturing bolts and nuts at Cincinnati, and wanted iron superior to American iron, not for the purpose of re-selling it in the form received, but for the purpose of manufacturing the same into bolts and nuts, and then selling them to his customers for purposes requiring superior iron, informed the defendant that they had sold to Steever & Potts, Philadelphia, a lot of H. E. S. brand, and advised him to buy of that lot “ a ton or so for sample, should you wish to test the quality with a view to import this year.” The defendant having purchased of Steever & Potts, three tons, part of the lot, and finding the quality to be excellent, informed the plaintiffs of the fact, and ordered of them twenty tons of that brand. The question is whether this was a warranty by the plaintiffs to the defendant that the twenty tons should be in quality substantially as good as the iron purchased from Steever & Potts. We hold there was such warranty. True, it was not strictly a sale by sample, for the twenty tons had not been manufactured. It was more than a sale by sample. Something better than American iron was needed by defendant for use in his business. It could only be procured by importation, at a price in advance of American iron. He applied to the plaintiffs, manufacturers of the II. E. S. brand, who, knowing his wants, suggested that he buy, for the purpose of testing its quality, a ton out of a lot of that brand which they had sold to Steever & Potts. The defendant was not engaged in buying iron to sell it without changing its form. The name of the brand, to him and his customers, was nothing; the quality of the iron everything. No case has been cited, nor have we found one, opposed to the view that here was a warranty, only to be satisfied by iron equal in quality with that which the defendant had purchased from Steever & Potts. The Pennsylvania cases relied on by plaintiffs (Boyd v. Wilson, 83 Pa. St. 819, and cases there cited), though thought to be opposed to the current of authority (Benjamin on Sales, 4th Am. ed. by Corbin, § 369, note 26), are in no way in conflict with our view of this case. *682 Moreover, if there had not been such warranty that the quality should equal the Steever & Potts iron, the plaintiffs, knowing the object which the defendant had in view in obtaining iron from the manufacturers in Sweden, would have impliedly warranted that the iron furnished by them was suitable for the purpose for which it was obtained, and free from latent defects. Rodgers v. Niles, 11 Ohio St. 48; Byers v. Chatpin., 28 Ohio St. 300; Randall v. Newsom, 2 Q. B. D. 102; Kellogg Bridge v. Hamilton (S. C. U. S.) 18 Cen. L. Jour. 150 ; Benjamin on Sales (4th Am; ed. by Corbin), § 988, note 35.
4. The defendant retains the property, and does not now seek to disaffirm the contract, but to enforce it by claiming damages, by way of recoupment, for the non-performance of the contract with respect to quality (as to which see par. 3 above) and as to delay (as to which see Ogle v. Vane, L. R. 3 Q. B. 272; Hickman v. Haynes, L. R. 10 C. P. 598; Tyers v. Rosedale Iron Co., L. R. 10 Ex. 195; cf. Plevins v. Downing, 1 C. P. D. 220). In view of the nature of the warranty, the defendant may use the iron in his business, and in this action for the price, recoup to the extent he has been injured by a breach of the plaintiffs’ warranty. Miller v. Eno, 14 N. Y. 597; Day v. Pool, 52 N. Y. 416; Gurney v. Railroad Co., 58 N. Y. 358; Pomeroy’s Rem. (2d ed.) §779. And see Timmons v. Dunn, 4 Ohio St. 680. Dounce v. Dow, 64 N. Y. 411, cited by plaintiffs’ counsel, is not in conflict with these cases.
In view of the warranty, the evidence as to the quality of the iron, and the evidence as to delay, there was error in rejecting evidence as to the value of the iron, with a view to recoupment. Whether there was such defect, and if so, what damage resulted from it, and whether there was injury from delay, and if so whether it had been waived, are questions for the jury. Besides, parts of the elaborate charge of the judge of the superior court who presided at the trial, are in conflict with the construction we place on the contract; and this also calls for a reversal.

Judgment reversed and cause remanded for a new trial.