CITIES AND TOWNS
A board of trustees of a Firemen's Relief and Pension Fund is authorized under the terms and provisions of 11 O.S. 49-129 [11-49-129] (1977) to invest pension monies in "investment only" type contracts sold by insurance companies and approved by the Insurance Commissioner of the State of Oklahoma, provided that the board considers such "investment only" contracts to be appropriate for the investment of trust funds and such investments are made in the exercise of the board's judgment and care in the circumstances then prevailing which men of prudence and discretion exercise in the management of their own affairs. The Attorney General is in receipt of your request for an opinion wherein you ask, the following question: "Are 'investment only' type contracts sold by various insurance companies in the State of Oklahoma authorized investments for the Boards of Trustees of the Firemens' sic Relief and Pension Plans under 11 O.S.A. 382?" Title 11 O.S. 49-129 [11-49-129] (1977) which superseded 11 O.S. 382 [11-382] (1971) on July 1, 1978, contains the authorization for the investment of Firemen's Relief and Pension Funds by municipal boards of trustees as well as specifically enumerating the vehicles in which the boards of trustees are empowered to invest by the Legislature. That section reads in part: "The board of trustees of The Firemen's Relief and Pension Fund, . . . is hereby authorized to invest any amount . . . in interest bearing bonds and warrants of the State of Oklahoma and interest bearing securities of the United States Government . . . for which the full faith and credit . . . is pledged for the payment of principal and interest; . . . cash funds . . . in checking or savings accounts, under certificates of deposit, or in any other form in solvent banks or trust companies in Oklahoma . . . or in share or savings accounts of savings and loan associations . . . etc." In addition thereto, 11 O.S. 49-129 [11-49-129] gives the board of trustees more general investment powers, stating further that: "The fund may also be invested in properties considered appropriate for the investment of trust funds." The issue to be determined, then, is whether the "investment only" type contract sold by insurance companies comes within the contemplated scope of "properties appropriate for investment" as used in the statute's phraseology. A description of a sample "investment only" contract entitled "The Guaranteed Fund" was provided for our information and review in writing this opinion. This investment vehicle is a guaranteed account supported by the general assets of the offering insurance company. To take advantage of this investment, a pension board of trustees would invest a sum certain from its fund for a certain term of years into an account with the insurance company which would be guaranteed as to principle and rate of interest by the same. Under terms of the investment contract, it could be negotiated that the purchaser would receive an additional return above such guaranteed interest rate based on the company's earning record over the life of the investment. Such "investment only" contracts are attractive to long term investors because they can often guarantee a higher rate of interest over several years than other traditional long-term investments such as United States Treasury Bonds or certificates of deposit. Statutory use of the unmodified word "properties" in 11 O.S. 49-129 [11-49-129] would appear to authorize a broad interpretation of the investment vehicles open to a discretionary choice by Firemen's Pension and Relief Fund trustees. The word "property," as defined by a great body of case law as well as by Oklahoma Court interpretation, supports an interpretation of the word in its broadest sense when it appears unqualified by adjectives or context of the statute. In an Oklahoma case involving the interpretation of a tax law, Jones v. Corbyn, Okl., 186 F.2d 450, the Court stated that: "'Property' is a word of very broad meaning and when used without qualification, may reasonably be construed to include obligations, rights and other intangibles as well as physical things . . ." See also Investment and Securities Company v. Robbins, D.C. Wash., 49 F. Supp. 620; The Southern Railways Company v. Oklahoma City,12 Okl. 82, 69 P. 1050 (1902). Property is the general term used to designate a right of ownership and includes every subject, of whatever nature, upon which such a right can legally attach. Pell v. Ball, S.C., Spears, EQ. 48, 83; Clark v. Lucas County Board of Review, Iowa,44 N.W.2d 748. Therefore, it would appear that nothing in the Firemen's Relief and Pension Act would prohibit investment by pension boards in "investment only" contracts. In making investments with pension funds under 11 O.S. 49-129 [11-49-129], however, the further duty and obligation was placed on the boards by the Legislature to follow a high standard of care. Title 11 O.S. 49-129 [11-49-129] (1977) further reads in part: ". . . In purchasing investments, the trustee shall endeavor to exercise the judgment and care in the circumstances then prevailing, which men of prudence and discretion exercise in the management of their own affairs, not in regard to speculation but in regard to the permanent disposition of their funds, considering probable income as well as probable safety of their capital." Therefore, it is clear that the Legislature did not prohibit the investment of Firemen's Relief and Pension funds by boards of trustees thereof in "investment only" contracts of the type offered by insurance companies and approved by the Insurance Commissioner of Oklahoma, and, provided that such investments are made in the exercise of the "judgment and care in the circumstances then prevailing, which men of prudence and discretion exercise in the management of their own affairs . . ." Your question may, therefore, be answered in the affirmative. It is, therefore, the opinion of the Attorney General that your question be answered in the following manner: A board of trustees of a Firemen's Relief and Pension Fund is authorized under the terms and provisions of 11 O.S. 49-129 [11-49-129] (1977) to invest pension monies in "investment only" type contracts sold by insurance companies and approved by the Insurance Commissioner of the State of Oklahoma, provided that the board considers such "investment only" contracts to be appropriate for the investment of trust funds and such investments are made in the exercise of the board's judgment and care in the circumstances then prevailing which men of prudence and discretion exercise in the management of their own affairs. (CATHERINE GATCHELL NAIFEH) (ksg)