CITIES AND TOWNS
A regional planning commission has no direct enforcement powers. However, such commission can make recommendations as outlined in 11 O.S. 46-103 [11-46-103] (1977) to the proper county and municipal governments, which bodies may then enact and enforce these recommendations in the form of ordinances of the respective county or municipal governments. In the event of a violation of 11 O.S. 46-101 [11-46-101] through 11 O.S. 46-104 [11-46-104] (1977), 11 O.S. 46-104 [11-46-104] makes such violation a misdemeanor. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following: What procedures are available for the enforcement of actions of regional planning commissions? Regional planning commissions are authorized by the new Municipal Code at 11 O.S. 46-101 [11-46-101] et seq. (1977). The provisions contained therein supersede those of 11 O.S. 431 [11-431] et seq. (1971), and 19 O.S. 854.1 [19-854.1] et seq. (1971). Regional planning commissions are granted jurisdiction over "any land outside the incorporated limits of any municipality whose any one boundary, at any point, shall be within a distance of three miles from the incorporated limits of the municipality." See 11 O.S. 46-102 [11-46-102] (1977). Fortson Investment Co. v. Oklahoma City, 66 P.2d 96
(1937), and Attorney General Op. No. 73-800 (January 8, 1974). Title 11 O.S. 46-103 [11-46-103] (1977) outlines the duties and powers of the respective regional planning commissions and states as follows: "The regional planning commission shall prepare from time to time plans for the systematic development and betterment of the regional district for residents, manufacturing or business purposes. It may consider and investigate any subject matter tending to the development and betterment of such regional district and make recommendations as it may deem advisable concerning the adoption thereof to any department of the municipal or county government, and for any purpose make or cause to be made surveys, maps or plans. The commission shall have the power and authority to employ attorneys, engineers, clerks and secretary, and to pay for their services, and to pay for such other expenses as the commission may lawfully incur, including the necessary disbursements incurred by its members in the performance of their duties as members of the commission." Title 11 O.S. 46-104 [11-46-104] (1977) provides for punishment in the event any of the provisions of the act, 11 O.S. 46-101 [11-46-101] et seq. (1977), are violated, and states at subsection (C) that: ". . . any person, partnership or corporation . . . upon conviction thereof, shall be fined not less than $200.00 nor more than $1,000.00 or imprisoned in the county jail for a term not less than thirty days, nor more than six months, or may be subjected to both such fine and imprisonment." Enforcement is maintained by properly presented information in the District Court of the appropriate county. See 22 O.S. 401 [22-401] et seq. (1971). This procedure is the only means available for the direct enforcement of the act by a regional planning commission. See Boydston v. State, 277 P.2d 138
(1954). However, as noted herein at 11 O.S. 46-103 [11-46-103], a regional planning commission may also make recommendations to the applicable county or municipal governments, which bodies may then enact and enforce these recommendations in the form of ordinances of the respective county or municipal governments. It is, therefore, the opinion of the Attorney General that your question be answered as follows: A regional planning commission has no direct enforcement powers. However, such commission can make recommendations as outlined in 11 O.S. 46-103 [11-46-103] (1977) to the proper county and municipal governments, which bodies may then enact and enforce these recommendations in the form of ordinances of the respective county or municipal governments. In the event of a violation of 11 O.S. 46-101 [11-46-101] through 11 O.S. 46-104 [11-46-104] (1977), 11 O.S. 46-104 [11-46-104] makes such violation a misdemeanor. (JOHNNY J. AKINS)