The Attorney General is in receipt of your request for an opinion wherein you ask the following questions: "1. Can the Oklahoma Legislature, constitutionally, require the Board of Trustees of a municipal firemen's relief and pension fund to transfer their reserve fund to a newly created State Fund? "2. If so, then, is the State Board which administers the State Fund required to continue pension payments to members of the system in an amount equal to that which such members were receiving prior to the effective date of Enrolled Senate Bill 265, provided their reserve fund was actuarially sound for such pensions?" Article V, Section 41 of the Oklahoma Constitution, confers upon the Legislature the power to authorize municipalities to pension meritorious and disabled firemen. No authority has been discovered impairing the constitutional authority of the Oklahoma Legislature to require the Board of Trustees of a municipal Firemen's Relief and Pension Fund to transfer their reserve fund to a newly created state fund. Wallace v. Childers, 180 P.2d 1005 (Okla. 1947), involved a challenge to the constitutionality of a state statute allocating five-eighths of the 4% tax collected from fire insurance companies for premiums on policies issued in the State to the Firemen's Relief and Pension Fund. The State Auditor was required to draw warrants upon the State Treasurer for payment of the amount provided to the treasurer of each recipient municipality. Addressing the issue of whether the statute violated the Oklahoma Constitution, Article X, Section 15 the Court stated: ". . . The act devoting the fund to the purpose does not constitute a gift, loan, or pledge of the credit of the state in contravention of the Constitution. The Firemen's Relief and Pension Fund is not a municipally owned fund, but is held only in a separate and distinct right and capacity . . . it is a trust fund in which the cities and towns have no pecuniary interest whatever. The appropriation is not a donation or gift to any company, association, or corporation, public or private. Therefore the appropriation does not violate Sec. 15, Art. 10 of the Constitution . . . ." 180 P.2d 1007. The plaintiff challenging the constitutionality of the statute raised an argument that based upon the Oklahoma Constitution, Article V, Section 41 providing that the Legislature may enact laws authorizing cities to pension meritorious firemen. He argued from that provision that the Legislature is prohibited from acting in behalf of the State in the matter of making allocation of the funds involved. In short, that Article V, Section 41 is a specific grant of power to the cities. The court stated simply that that argument was refuted by Article V, Section 36 of the Oklahoma Constitution, which provides: " 'The authority of the Legislature shall extend to all rightful subjects of legislation and any specific grant of authority, upon any subject whatsoever, shall not work a restriction, limitation or exclusion of such authority upon the same or any other subject or subjects whatsoever.' " 180 P.2d 1009. Your second question seeks a determination of whether the State Board which administers the State Fund is required to continue pension payments to members of the system in an amount equal to that which such members were receiving prior to the effective date of the newly enacted legislation. Senate Bill 265, Thirty Seventh Legislature, Second Regular Session (1980), creates the Oklahoma Firefighter's Pension and Retirement System 21. Section 14(B) provides: "Any municipality that has a municipal firefighter's pension and retirement system prior to January 1, 1981, shall consolidate its system with the state system and become a participating municipality on the first entry date as provided in this article." Municipal firefighter's pension and retirement systems created pursuant to statute and existing prior to January 1, 1981, are now governed by 11 O.S. 49-101 [11-49-101] (1977) et seq. Title 11 O.S. 49-102 [11-49-102] (1977), provides that when two or more adjacent municipalities are consolidated or annexed, Firemen's Relief and Pension Funds and persons receiving benefits under the State Firemen's Relief and Pension Act shall be transferred to the new fund: ". . . and those persons receiving said benefits shall continue to retain all the rights and privileges granted therein; provided further that those active volunteer firefighters of participating municipalities shall be transferred and continued as volunteer firefighters and retain all the rights and privileges granted in this article." Section 33 of Senate Bill 265 establishes the Oklahoma Firefighter's Pension and Retirement Fund. Section 34 provides: "Any municipality having a Firefighter's Pension and Retirement Fund prior to January 1, 1981, shall transfer all assets of such fund to the State Board on July 1, 1981. Assets shall be transferred in the form of cash, negotiable securities and such other specific assets as permitted by the State Board. The State Board shall maintain separate accounts for each municipality and each firefighter." Senate Bill 265 contains no language reflecting a legislative intent that any member of a municipal retirement system be paid less after the effective date of that legislation than is now being received. Indeed, Section 34 provides that the State Board shall maintain separate accounts not only for each municipality, but also for "each firefighter". Moran v. State ex rel. Derryberry,534 P.2d 1282 (Okla. 1975), states that existing statutes and settled law at the time a contract is entered into become a part of the contract and must be read into it. Pertinent constitutional provisions include Article II, Section 15 providing that no law impairing the obligation of contracts shall ever be passed. It is, therefore, the official opinion of the Attorney General that your questions be answered as follows: 1. The Oklahoma Legislature can constitutionally require the Board of Trustees of a municipal Firemen's Relief and Pension Fund to transfer their reserve fund to a newly created State Fund. 2. The Oklahoma Firefighter's Pension and Retirement Board will be required to continue pension payments to members of the Oklahoma Firefighter's Pension and Retirement System in an amount equal to that which such members are receiving prior to the effective date of Senate Bill 265, Thirty-Seventh Legislature, Second Regular Session (1980), unless that amount is less than the member is entitled to receive under Senate Bill 265. (John Paul Johnson)