The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Does the term "supplemental funds" used in 11 O.S. 49-101 [11-49-101] (1978), include monies derived from statutorily required premium taxes? Senate Bill No. 265, Laws 1980, c. 352, creates the Oklahoma Firefighter's Pension and Retirement System and provides in 34 as follows: "Any municipality having a Firefighters Pension and Retirement Fund prior to January 1, 1981, shall transfer all assets of such fund to the State Board on July 1, 1981. Assets shall be transferred in the form of cash, negotiable securities and such other specific assets as permitted by the State Board. The State Board shall maintain separate accounts for each municipality and each firefighter." Currently, municipal Firemen's Relief and Pension Funds "FUNDS" are governed by 11 O.S. 49-101 [11-49-101] et seq. (1978). 11 O.S. 49-101 [11-49-101] provides: "B. All retired volunteer firefighters who are now or who may hereafter be retired shall be entitled to a monthly pension. Said pension shall be in the amount of eight percent (8%) of the average beginning monthly salary of regular, full-time, permanent firefighters in municipalities in Oklahoma who have in their employ three or more such regular fully paid firefighters; a larger amount per month may be paid said retired volunteer firefighters from the supplemental funds of any municipality if approved by the board of trustees of the Firemen's Relief and Pension Fund of the municipality; provided further, that all retired volunteer firefighters shall be entitled to have their pensions increased by one-twentieth (1/20) of the usual pension for each full year served as members of a department in excess of twenty (20) years, but not to exceed thirty (30) years of service." Emphasis added Neither volunteer firefighters nor their respective municipalities are required to make any contributions to Funds. Such funds are derived from 11 O.S. 49-120 [11-49-120] which directs that a separate account be maintained of the amount of tax paid by all fire insurance companies as provided by 36 O.S. 312.1 [36-312.1], 36 O.S. 624 [36-624] — 36 O.S. 626 [36-626] (1979). The exact amount each qualified municipality is entitled to receive is certified, and the State Treasurer issues a warrant for the benefit of each Fund. The word "supplement" means additional or having the nature of or forming a supplement. Texas Pacific Motor Transport Co. v. United States, 87 F. Supp. 107, 112 (D. Tex. 1949). In Wallace v. Childers, 180 P.2d 1005 (Okl. 1947), the Court stated: ". . . the firemen's relief and pension fund is not a municipally owned fund, but is held only in a separate distinct right and capacity . . . it is a trust fund in which the cities and towns have no pecuniary interest whatever . . . ." 180 P.2d 1007. By contrast, the term "supplemental funds" does not refer to the revenues derived from the state premium taxes held in trust by the municipality. 11 O.S. 49-101 [11-49-101] uses that term in reference to the "funds of any municipality" Emphasis added; that is, it refers exclusively to revenue sources which are not mandated by State statute. No municipality is authorized to exceed the maximum allowable pension payable to retired volunteer firefighters from any source other than its own "supplemental funds." It is, therefore, the official opinion of the Attorney General that the term "supplemental funds" used in 11 O.S. 49-101 [11-49-101] (1978), does not include any monies comprising the principal or interest derived from statutorily required premium taxes, but embraces only separate municipality revenues which are not mandated by State statute. (JOHN PAUL JOHNSON) (ksg)