Dear Mr. Hollander,
The Attorney General has received your request for an official opinion asking, in effect:
 1. Is a municipality obligated by 11 O.S. 49-111 (1981) to continue the salary of a firefighter for six months after he has sustained a temporary sickness or disability if the municipality terminates the firefighter's employment before the end of the six month period?
 2. Is a municipality obligated by 11 O.S. 49-111 (1981) to continue the salary of a firefighter for six months after he has sustained a temporary sickness or disability if the sickness or disability is subsequently diagnosed as being a permanent condition?
Your questions pertain to 11 O.S. 49-111 (1981) which provides as follows:
 "Whenever any member of the fire department of any municipality, on account of sickness or temporary disability, caused or sustained while in the discharge of the member's duty as such member, and is unable to perform the member's duties, the salary paid by the municipality to the member shall continue while the member is sick or temporarily disabled for a period of not less than six (6) months, after which said period the provisions of 11 O.S. 49-103 et seq. [may apply.]" (Emphasis added).
In your first question you ask, in effect, whether a municipality's salary continuation obligation pursuant to 11 O.S. 49-111 (1981) continues in the event that the temporarily disabled or sick firefighter is terminated by the municipality prior to the expiration of the six month period within which the firefighter is entitled to have his salary continued. The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute. Jackson v. Independent SchoolDistrict No. 16 of Payne County, 648 P.2d 26 (Okla. 1982). Moreover, when the language of the statute is plain, unambiguous, and its meaning clear and no occasion exists for application of rules of construction, the statute will be accorded the meaning as expressed by language therein employed. Caves Springs Public School I-30 of Adair County v. Blair,613 P.2d 1046 (Okla. 1980). In this instance, the Legislature has plainly and unambiguously provided that a municipality "shall" continue a firefighter's salary for a period of "not less than six (6) months." InSneed v. Sneed, 585 P.2d 1363, 1364 (Okla. 1978), the Court held that:
 "[I]n the construction statutes, `shall' is usually given its common meaning of `must.' It is interpreted as implying a command or mandate."
The plain mandatory language of this statute compels the conclusion that a municipality's termination of a temporarily sick or disabled firefighter does not end its obligation pursuant to 11 O.S. 49-111 (1981) to continue his salary for a period of not less than six (6) months.
This conclusion is buttressed by noting that the Oklahoma Supreme Court has held that statutes pertaining to the Firemen's Relief and Pension Fund should be liberally construed in favor of the firefighters. City ofArdmore, ex rel. Firemen's Relief and Pension Board v. Ozment, 467 P.2d 502
(Okla. 1970). Additionally, we note that had the Legislature wished to have created exceptions to the mandatory duties placed on a municipality by 11 O.S. 49-111 (1981) then it would have done so. This legislative silence is important since "legislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent." City of Duncan v. Bingham, 394 P.2d 456, 460 (Okla. 1964).
In your second question you ask, in effect, whether a municipality is obligated by 11 O.S. 49-111 (1981) to continue the salary of a firefighter for up to six months after he has sustained a temporary sickness or disability if the sickness or disability is subsequently diagnosed as being of a permanent nature prior to the termination of the six month period. Utilizing the same rules of construction as are found in our analysis of your first question, we conclude that the diagnosis of a firefighter who is entitled to the salary continuation provisions of 11O.S. 49-111 (1981) as being permanently disabled does not end the municipality's obligation to continue to make the mandatory salary payments pursuant to this statute. We do note, however, that it would be impermissible for a firefighter to simultaneously receive salary continuation payments pursuant to 11 O.S. 49-111 (1981) and any disability retirement pension which may have been awarded pursuant to 11O.S. 49-109 (1981).
It is, therefore, the official opinion of the Attorney Generalthat:
 1. A municipality's obligation to make salary payments pursuant to 11 O.S. 49-111 (1981) to a temporarily sick or disabled firefighter continues even if the municipality has terminated that firefighter's employment prior to the end of the statutory Six month period.
 2. A municipality's obligation to make salary payments pursuant to 11 O.S. 49-111 (1981) to a temporarily sick or disabled firefighter continues even if that firefighter is subsequently diagnosed as having a permanent disability or sickness prior to the end of the statutory six month period. We note, however, that it would be impermissible for a firefighter to simultaneously receive salary continuation payments pursuant to 11 O.S. 49-111 (1981) and any disability retirement payments pursuant to 11 O.S. 49-109 (1981).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
JOHN D. ROTHMAN, ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, CIVIL DIVISION