RE: COMPETITIVE BIDDING OF CONTRACTS FOR INVESTMENT MANAGEMENT SERVICES.
YOU RECENTLY REQUESTED AN UNOFFICIAL OPINION ADDRESSING THE ISSUE OF WHETHER CONTRACTS FOR INVESTMENT MANAGEMENT SERVICES FOR THE FIREFIGHTERS PENSION AND RETIREMENT SYSTEM MUST BE PUT UP FOR COMPETITIVE BIDDING. AS YOU WILL RECALL, I DELIVERED AN ORAL OPINION CONCERNING THIS QUESTION AT THE BOARD'S APRIL 19, 1991 MEETING. I AM WRITING NOW TO MEMORIALIZE THAT ORAL OPINION.
THE STATUTE WHICH, IN MOST INSTANCES, REQUIRES THAT PUBLIC CONTRACTS BE PUT OUT FOR COMPETITIVE BIDDING IS THE CENTRAL PURCHASING ACT, 74 O.S. 85.7 (1990). HOWEVER, THAT STATUTE SPECIFICALLY PROVIDES THAT "(C)ONTRACTS FOR MASTER CUSTODIAN BANKS OR TRUST COMPANIES, INVESTMENT MANAGERS AND INVESTMENT CONSULTANTS FOR STATE RETIREMENT SYSTEMS . . . SHALL BE EXEMPT FROM COMPETITIVE BIDDING PROCEDURES." 74 O.S. 87.7(A)(2) (EMPHASIS ADDED). THUS, THE CENTRAL PURCHASING ACT DOES NOT REQUIRE THAT CONTRACTS FOR INVESTMENT MANAGEMENT SERVICES BE PUT OUT FOR BID.
RATHER, THE PROCEDURE FOR OBTAINING SUCH CONTRACTS IS SET FORTH IN THE LEGISLATION GOVERNING THE SYSTEM, 11 O.S. 49-100.1 ET SEQ. (AS AMENDED). 11 O.S. 49-100.9(E) OF TITLE 11 SPECIFIES THAT "INVESTMENT MANAGERS SHALL BE CHOSEN BY A SOLICITATION OF PROPOSALS ON A COMPETITIVE BID BASIS PURSUANT TO THE STANDARDS SET BY THE STATE BOARD." ACCORDINGLY, YOUR QUESTION MUST BE ANSWERED IN THE AFFIRMATIVE: CONTRACTS FOR INVESTMENT MANAGEMENT SERVICES FOR THE FIREFIGHTERS PENSION AND RETIREMENT SYSTEM MUST BE PUT UP FOR COMPETITIVE BIDDING.
I AM UNAWARE OF THE EXTENT TO WHICH THE BOARD CURRENTLY HAS IN PLACE FORMAL "STANDARDS" TO GOVERN THE SOLICITATION OF SUCH BIDS, OR TO SPECIFY THE INTERVAL AT WHICH EXISTING CONTRACTS MUST BE RE-BID. AT PRESENT, THE BOARD APPEARS TO HAVE MADE SOME INFORMAL ARRANGEMENT WITH THE STATE CENTRAL PURCHASING OFFICE PROVIDING FOR THE ADVERTISEMENT OF REQUESTS FOR PROPOSALS. HOWEVER, I WOULD RECOMMEND THAT THE BOARD ENDEAVOR TO PUT IN PLACE A MORE EXPLICIT POLICY — PERHAPS THROUGH RULEMAKING — TO FORMALIZE THIS ARRANGEMENT AS A "STANDARD" AS DESCRIBED IN 11 O.S. 49-100.9(E).
IN THE MEANTIME, ANY SUCH ACTION OF THE BOARD MUST, OF COURSE, BE CONSISTENT WITH THE BOARD'S GENERAL FIDUCIARY OBLIGATION TO ACT RESPONSIBLY TO DEFRAY THE REASONABLE COSTS OF OPERATION OF THE SYSTEM. SPECIFICALLY, THE BOARD SHOULD BE MINDFUL OF THE FACT THAT IT CANNOT ENTER A CONTRACT TO OBTAIN SERVICES FOR THE SYSTEM FOR "MORE THAN ADEQUATE COMPENSATION." 11 O.S. 49-100.10(A)(3) (1990).
(K. W. JOHNSTON)