Attorney General Loving has asked that I respond to your letter requesting an opinion from this office. In your request you asked, in effect, the following question:
 Is it a violation of the nepotism statute, 11 O.S. 8-106 (1991), for the son of a trustee of a statutory town board of trustees to be appointed to serve as a volunteer firefighter for the municipality and be paid $5.00 for each fire call, plus retirement benefits as provided by 11 O.S. 49-100.1 (1991) et seq.?
Because your question can be answered by a careful reading of the applicable statute, it can be addressed through this informal letter. Therefore, the opinion which follows is not an official opinion of the Attorney General but instead is the result of my own analysis and conclusions.
The Oklahoma statutes authorize various forms of municipal government. One of those forms is the statutory town board of trustees set forth in 11 O.S. 12-101 through 11 o.s. 12-114. Under this form of government, the governing body is the board of trustees. 11 O.S. 12-102 (1991).
Under the Oklahoma Municipal Code at 11 O.S. 1-102(3), such a board of trustees is included in the definition of a municipal governing body. As such, it is subject to the nepotism provisions in 11 O.S. 8-106 (1991), which states, in pertinent part, as follows:
 "No elected or appointed official or other authority of the municipal government shall appoint or elect any person related by affinity or consanguinity within the third degree to any governing body member or to himself or, in the case of a plural authority, to any one of its members to any office or position of profit in the municipal government."
Clearly, the father-son relationship falls within the prohibited third degree of consanguinity. As stated in A.G. Opin. No. 83-176, a copy of which is enclosed, "a plain reading of the statute would indicate that a father, who is a municipal official, can not appoint his son to an office or a position of profit in the municipal government without violating this specific statutory prohibition." The question in A.G. Opin. 83-176 was whether or not the subject position was an office.
In your question, we are dealing with the issue of a position of profit, a term which has not been given a statutory definition. You have indicated that the volunteer fireman in your question is paid with municipal funds — five dollars per call. I understand that it is common for municipalities having volunteer fire departments to authorize payment to such firefighters of "run money". This "run money" is designed to reimburse individuals for expenses incurred through service as a volunteer firefighter.
Reimbursement for expenses lacks the element of profit; it is remuneration for money expended. Therefore, if the five dollar payment is expense reimbursement, it does not create a position of profit.
On the other hand, membership in the Oklahoma Firefighters Pension and Retirement System is a different matter. According to Oklahoma statutes, a volunteer firefighter can receive a monthly pension after meeting the statutory guidelines. Contributions to the Pension and Retirement System on each volunteer firefighter's behalf are paid by the municipality pursuant to 11 O.S. 49-122(C) (1991).
The Oklahoma Supreme Court, in interpreting Article VII, section 11(b) of the Oklahoma Constitution, addressed the term "position of profit" in the case of Brown v. Lillard. et al., 814 P.2d 1040 (Okla. 1991). The Court quoted from a case of the Alaska Supreme Court, saying, "The Court concluded that the framer use of "position of profit" reflected an intent to adopt a term which was `broad in scope."' Brown at 1042, citing Beqich v. Jefferson, 441 P.2d 27,33 (Alaska 1968). The Court in Brown also looked back to its case of Wimberly v. Deacon, 144 P.2d 477 (Okla. 1944), noting that it followed the "literal meaning of the words `office of trust or profit"' in deciding the Wimberly case. Brown at 1042. Following the Court's inclination to characterize "position of profit" as a term broad in scope and to follow the plain meaning of the term without engaging in speculation, (see Brown at 1042), it would appear that entitlement to a retirement pension creates a position of profit. Therefore, it is my opinion that it is a violation of a plain reading of 11 O.S. 8-106 (1991) for the son of a trustee of a statutory town board of trustees to be appointed a volunteer firefighter for the municipality under the scenario you have described.
(Gay Abston Tudor)