RUTHER v. OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:RUTHER v. OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 RUTHER v. OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM
2018 OK CIV APP 45
Case Number: 116401
Decided: 04/23/2018
Mandate Issued: 05/24/2018
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2018 OK CIV APP 45, __ P.3d __

 

STEVEN RUTHER, Plaintiff/Appellant,
v.
OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
GARFIELD COUNTY, OKLAHOMA

HONORABLE PAUL K. WOODWARD, TRIAL JUDGE

VACATED

David C. Henneke, DAVID C. HENNEKE, ATTORNEY AT LAW, Enid, Oklahoma, for Plaintiff/Appellant

Marc Edwards, Catherine L. Campbell, PHILLIPS MURRAH P.C., Oklahoma City, Oklahoma, for Defendant/Appellee

P. THOMAS THORNBRUGH, CHIEF JUDGE:

¶1 Steven Ruther appeals a decision of the district court dismissing his petition against the Oklahoma Firefighters Pension and Retirement System for failure to state a claim. On review, we vacate the finding of the district court because it was without jurisdiction in this matter.

BACKGROUND

¶2 Ruther is a retired Garfield County firefighter. Early in 2016, Ruther began a correspondence with the Executive Director of the Firefighters Pension and Retirement System regarding the possibility of a "lump sum" distribution of Ruther's accrued pension benefits. The executive director (or an assistant acting on his behalf) informed Ruther that he was not entitled to such a distribution. The system's attorneys later sent Ruther a letter confirming the Executive Director's position. In May 2017, Ruther sued the pension system in Garfield County. The pension system filed a motion to dismiss raising jurisdictional and venue questions, as well as arguing its legal position that a lump sum distribution was not allowed. The district court ruled that, as a matter of law, Ruther was not entitled to a lump sum distribution, without ruling on the jurisdictional and venue questions. Ruther now appeals this decision.

STANDARD OF REVIEW

¶3 The standard of review for a district court's decision granting a motion to dismiss is de novo. The purpose of such a review is to test the law that governs the claim, not the underlying facts. As such, we take all factual allegations in the petition as true and draw all reasonable inferences therefrom. We do not require the plaintiff to specify a theory of recovery, nor a particular remedy. If relief is possible under any set of facts that can be gleaned from the petition, the motion to dismiss should be denied. Cates v. Integris Health, Inc., 2018 OK 9, ¶ 7, __ P.3d ___ (footnotes omitted).

ANALYSIS

¶4 An immediate problem that presents itself in this case is that 11 O.S.2011 § 49-128, part of Article XLIX -- "Firefighters Pension and Retirement System," requires that:

Any person possessing the qualifications required and provided for under this article, who deems himself aggrieved by a decision of the State Board on his or her claim for pension, either in rejecting his or her claim or in the amount allowed by the Board, or participating municipality, may appeal from such decision by filing a petition in the Oklahoma County District Court within thirty (30) days from the date of such decision. (Emphasis added)

¶5 Two factual scenarios are possible under this statute, and neither grants venue to the district court of Garfield County. The first is that Ruther has not yet obtained a decision of the State Board on his claim for benefits. If so, it is clear that he does not have an appealable decision at this time. The second is that Ruther has obtained a decision of the State Board. If so, venue is clearly not proper in Garfield County.

¶6 Title 11 § 49-100.7 (G) requires that

The State Board shall take all necessary action upon applications for pensions, disability benefits, refund of accumulated contributions and shall take action on all other matters deemed necessary by the State Board, including bringing actions for declaratory relief in the district courts in the state to enforce the provisions of applicable state law.

It is clear that the State Board is the entity with the statutory responsibility to make a decision regarding Ruther's request for a pension distribution. The first question is, therefore, whether the State Board has made a final decision.

¶7 Prior to December 31, 2016, 11 O.S. § 49-103 required the City of Enid to have a local Firefighters Pension and Retirement Board:

A. The mayor, the clerk and the treasurer of every incorporated municipality are, in addition to the duties now required of them, hereby created and constituted, together with three members from the fire department of such municipality, a local firefighters pension and retirement board of each such municipality, which board shall be known as the Local Firefighters Pension and Retirement Board.

¶8 This board was responsible for making an initial determination of Ruther's request pursuant to 11 O.S. § 49-105.1:

Responsibility of Local Board to Review Certain Applications

It shall be the responsibility of the local board to review applications for retirement benefits and disability benefits. Each local board shall recommend approval, disapproval or modification of each application and the secretary shall forward such recommendations to the State Board within ten (10) days following the local board's decision. Consideration by the local board shall be pursuant to this article and the rules and regulations of the State Board. The State Board shall furnish all required forms.

Title 11 O.S. § 49-103(B) also states, however, that:

Local firefighter pension and retirement boards of participating employers of the System shall be terminated on December 31, 2016, and all powers, duties and functions shall be assumed by the Executive Director. (Emphasis added).

¶9 The record indicates that some amount of "jumping the gun" took place in this case. The record shows that, in April 2016, Ruther sent a letter to the Executive Director of the Firefighters Pension and Retirement System, requesting a "lump sum distribution calculation." According to a June 20 letter written by Ruther's counsel, he then received "information" from someone identified as Deputy Director Duane Michael. The letter implies that Michael has sent some information indicating that Ruther was not entitled to a lump sum distribution under Oklahoma law.[1] In August 2016, a law firm identifying itself as counsel for the Firefighters Pension and Retirement Board wrote to Ruther's counsel reiterating that he was not entitled to the distribution he requested. All of this took place while the local Firefighters Pension and Retirement Board was still statutorily constituted and required to "review applications for retirement benefits and disability benefits" and "recommend approval, disapproval or modification of each application . . . to the State Board within ten (10) days following the local board's decision." 11 O.S. § 49-105.1. The Executive Director had no statutory authority to hear or decide Ruther's benefit application at the time this alleged decision was made.

¶10 Were the local Firefighters Pension and Retirement Board still in operation, we would have no choice but to hold that no proper application for benefits was made, and no decision rendered. However, after December 31, 2016, the Executive Director does appear to be the proper party to assess Ruther's initial application, and returning the case for a new assessment would be futile at this time. We will therefore treat the Executive Director's decisions as the equivalent of a recommendation by the local board that Ruther's application be denied.

¶11 The next requirement in the statutory process is that the local Board "forward such recommendations to the State Board." We find no record that any recommendation has been made to the State Board,[2] or any formal decision issued by the State Board. All we appear to have at this time is an exchange of legal opinions between Ruther's counsel and counsel for the pension system.

¶12 Even if we were to assume (without agreeing) that this exchange of legal positions between counsel constituted a State Board decision that becomes appealable pursuant to 11 O.S. § 49-128, that statute is quite clear that statutory venue for an appeal of the decision lies only in Oklahoma County ("may appeal from such decision by filing a petition in the Oklahoma County District Court . . ."). Garfield County was an improper venue to hear the matter.

CONCLUSION

¶13 The statutes governing the resolution of claims for pension benefits against the Firefighters Pension and Retirement System are clear. The request must first be made to a local board, or, if a local board does not exist, to the Executive Director. A recommendation is then made to the State Board, and the State Board's final decision must be appealed in Oklahoma County. We find no record of any appealable State Board decision in this case, and no indication that this statutory process is discretionary.

¶14 As a result, there was no justiciable issue before the district court. We vacate its decision. If Mr. Ruther wishes to proceed, he must obtain a final Board decision, and appeal it in Oklahoma County if he is dissatisfied.

¶15 VACATED.

WISEMAN, P.J., and FISCHER, J., concur.

FOOTNOTES

[1] This must be surmised from Ruther's July 20 letter because neither party chose to make any actual communication between Michael and Ruther part of the record.

[2] There is no equivalent "sunset" language in the statute creating the State Board.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2018 OK 9, 412 P.3d 98, CATES v. INTEGRIS HEALTH, INC.
Cited
Title 11. Cities and Towns
 Cite
Name
Level

 11 O.S. 49-103, Local Firefighters Pension and Retirement Board - Creation - Membership - Term - Applicability
Discussed
 11 O.S. 49-105.1, Responsibility of Local Board to Review Certain Applications
Discussed at Length
 11 O.S. 49-128, Appeals
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA